STATE OF CONNECTICUT *v.* THOMAS FLOWER

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, JS.

Argued October 4—decision released October 31, 1978

*Joseph E. Fazzano,* in support of the motion.

*George D. Stoughton,* state's attorney, in opposition.

PER CURIAM. The defendant, Thomas Flower, was indicted by a grand jury for the September 8, 1976, murder of Bruce Bishop. The defendant elected to be tried by a three-judge panel rather than by a jury, pursuant to § 54-82 of the General Statutes. The three-judge panel *(Daly, A. Armentano, Wright, Js.)* adjudged the defendant not guilty by reason of insanity *(Wright, J.,* dissenting) and ordered him committed to the custody of the commissioner of mental health in accordance with the provisions of § 53a-47 of the General Statutes. From that judgment, and with the permission of the presiding judge, the state filed a timely appeal to this court. General Statutes § 54-96. Thereupon, the defendant filed a motion in this court to dismiss the appeal. The basis of the motion to dismiss is that appeal of the defendant's acquittal places the defendant in double jeopardy in violation of the fifth amendment of the constitution of the United States.

The fifth amendment provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." The Supreme Court of the United States has held that protection against double jeopardy applies to state as well as to federal criminal proceedings; *Greene* v. *Massey,* 437 U.S. 19, 98 S. Ct. 2151, 2154, 57 L. Ed. 2d 15 (1978); *Benton* v. *Maryland,* 395 U.S. 784, 795, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); that jeopardy attaches, in a nonjury trial, as soon as

the court begins to hear evidence; *Serfass* v. *United States,* 420 U.S. 377, 388, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975); and that retrial after a judgment of acquittal would constitute double jeopardy; *United States* v. *Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977); *United States* v. *Wilson,* 420 U.S. 332, 352, 95 S. Ct. 1013, 43 L. Ed. 2d 232 (1975). The Supreme Court's most recent restatement of the effect of acquittal; *Sanabria* v. *United States,* 437 U.S. 54, 98 S. Ct. 2170, 2181, 57 L. Ed. 2d 43 (1978); reiterates that a "judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error." The state therefore concedes, as it must, that the defendant in this case may not be retried. The state urges, however, that were this court to reverse on the merits, the case could constitutionally be remanded to the trial court with a direction to render a judgment of guilty of manslaughter in the first degree in accordance with the minority opinion of Judge Wright below. We do not agree. There is no record upon which a determination of guilty of manslaughter could be made without further proceedings below. In *State* v. *Avcollie,* 174 Conn. 100, 107, 384 A.2d 315 (1977), by contrast, a jury verdict of guilty existed. Had the defendant in this case elected trial by jury, and had he been acquitted upon an erroneous charge by the trial court judge, *Sanabria* would bar his retrial. The fundamental policy that a judgment of acquittal "[may] not be reviewed . . . without putting [the defendant] twice in jeopardy, and thereby violating the Constitution"; id., 2178; applies equally to trials by court and trials by jury. This appeal must therefore be dismissed.

Dismissal of the state's appeal on the basis of double jeopardy precludes our review on the merits. Two of the three trial judges concluded that in this case the defendant's voluntary ingestion of an illegal mind-altering drug, combined with a pre-existing mental disease or defect, rendered him "insane" at the time of the homicide under the provisions of § 53a-13 of the General Statutes. We express no opinion whether this interpretation of § 53a-13, and of the related provision, § 53a-7, defining intoxication, is correct.

The defendant's motion to dismiss the state's appeal is granted.