STATE OF CONNECTICUT *v.* ROBERT J. SOUTHARD
(11776)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, JS.

Argued October 6—decision released November 29, 1983

*Catherine J. Capuano,* special assistant state's attorney, with whom were *Edward T. Ricciardi,* assistant state's attorney, and, on the brief, *Francis M. McDonald,* state's attorney, and *John A. Connelly,* assistant state's attorney, for the appellant (state).

*Amy Ravitz,* legal intern, with whom were *Kenneth Rosenthal,* assistant public defender, and, on the brief, *Jerrold H. Barnett,* public defender, and *Alan D. McWhirter,* assistant public defender, for the appellee (defendant).

PETERS, J. This case concerns the appealability of a pretrial order denying the state's request for a jury trial in a criminal action in which the defendant has elected to be tried by the court. On February 1, 1982, the defendant, Robert J. Southard, was charged by information with robbery in the second degree, in violation of General Statutes § 53a-135. On March 1, 1982, he entered a plea of not guilty and requested a jury trial. Subsequently, on the morning of October 18, 1982, the defendant withdrew his request for a jury trial and elected, pursuant to General Statutes § 54-82 (a),[1] to be tried by the court. The state having made no objection at that time, the trial court granted the defendant's request to transfer his case to the court trial list, and set a tentative trial date of November 10, 1982. Later that day a different assistant state's attorney appeared, indicated the state's opposition to the proposed court trial and requested the court to reconsider the matter in light of General Statutes § 54-82b,[2] which, the state

---

[1] "[General Statutes] Sec. 54-82. ACCUSED'S ELECTION OF TRIAL BY COURT OR BY JURY. NUMBER OF JURORS. (a) In any criminal case, prosecution or proceeding, the party accused may, if he so elects when called upon to plead, be tried by the court instead of by the jury; and, in such case, the court shall have jurisdiction to hear and try such case and render judgment and sentence thereon."

[2] "[General Statutes] Sec. 54-82b. RIGHT TO TRIAL BY JURY. (a) Any party to a criminal action in the superior court may demand a trial by jury of

asserted, grants the state a right to a trial by jury notwithstanding the defendant's election. The state also filed a written demand for trial by jury. After hearing argument, the court noted the apparent conflict between § 54-82 (a), which provides that a criminal defendant may elect to be tried by the court, and § 54-82b, which provides that "any party" to a criminal action may demand a jury trial. The court then held that the statutes should not be construed to grant the state a veto over the defendant's election, and denied the state's demand for a jury trial.

The state thereupon sought and obtained permission to appeal pursuant to General Statutes § 54-96,[3] notwithstanding the defendant's objection and the trial court's own view that the order was not an appealable final judgment.[4] The prosecution has been held in abeyance during the pendency of this appeal. Because we hold that the order denying the state's demand for a jury trial was not a final judgment, we dismiss the appeal.

This court's jurisdiction is limited by statute to appeals from final judgments; General Statutes §§ 51-197a, 52-263; and accordingly we have no discretion to enlarge our jurisdiction in abrogation of the final judgment rule. Our recent decisions have repeatedly empha-

issues which are triable of right by a jury. There is no right to trial by jury in criminal actions where the maximum penalty is a fine of ninety-nine dollars or a sentence of thirty days, or both."

[3] "[General Statutes] Sec. 54-96. APPEALS BY THE STATE FROM SUPERIOR COURT IN CRIMINAL CASES. Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate session of the superior court, in the same manner and to the same effect as if made by the accused."

[4] In granting the state's request for permission to appeal, the court remarked: "It's probably not the province of this court to make a determination as to whether or not an appeal is interlocutory . . . the Supreme Court will decide whether or not it is interlocutory."

sized that the statutory final judgment rule serves the important public policy of discouraging the delays and inefficiencies attending piecemeal appeals. See *State v. Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983); *State v. Seravalli,* 189 Conn. 201, 204, 455 A.2d 852 (1983); *State v. Spendolini,* 189 Conn. 92, 94, 454 A.2d 720 (1983); *State v. Powell,* 186 Conn. 547, 550–51, 442 A.2d 939, cert. denied sub nom. *Moeller v. Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982). That policy applies with particular force in criminal cases because, as both this court and the Supreme Court of the United States have recognized, "undue litigiousness and leaden-footed administration of justice [are] particularly damaging to the conduct of criminal cases." *DiBella v. United States,* 369 U.S. 121, 124, 82 S. Ct. 654, 7 L. Ed. 2d 614 (1962); *State v. Curcio,* supra; *State v. Spendolini,* supra; *State v. Kemp,* 124 Conn. 639, 646–47, 1 A.2d 761 (1938).[5]

The appealable final judgment in a criminal case is ordinarily the imposition of sentence. *State v. Curcio,* supra, 31; *State v. Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). We have recognized, however, in both criminal and civil cases, that certain otherwise interlocutory orders may be final judgments for appeal purposes. Recently we articulated a test for determining which interlocutory orders may be appealed. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that fur-

---

[5] In all of the cases cited above, the state's interest in the swift and efficient adjudication of guilt or innocence militated against the allowance of interlocutory appeals by criminal defendants. The cost of delay occasioned by the state's appeal in this case is even greater, however, for the defendant is indigent, incarcerated and constitutionally entitled to a speedy trial. *Barker v. Wingo,* 407 U.S. 514, 532, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

ther proceedings cannot affect them." *State* v. *Curcio,* supra, 31, citing *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574 (1979).

The state makes no claim that the trial court order denying its demand for a jury trial terminated a separate and distinct proceeding. Rather, the state seeks to fit this case within the second prong of the *Curcio* test, arguing that if the defendant's court trial is permitted to proceed, it will lose forever its right to a jury trial. The state reasons that if the defendant is convicted by the court, the state's claim of right to a jury trial will be moot, while if the court acquits him, any appeal by the state would be fruitless because the double jeopardy clause[6] would prohibit a second trial before a jury.[7] The defendant contends that the state may not rely on the threat of double jeopardy to avoid the final judgment rule, so long as the state is unwilling to risk terminating the prosecution in order to appeal the pretrial order.[8]

At the outset we must acknowledge that the state has correctly analyzed the double jeopardy problem. The decisions of the Supreme Court of the United States have often reiterated the principle that a "judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars

---

[6] The double jeopardy clause in the fifth amendment of the United States constitution applies to state prosecutions by virtue of the fourteenth amendment. *Benton* v. *Maryland,* 395 U.S. 784, 795, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). Similar principles are found in the state law of this jurisdiction. See *State* v. *Flower,* 176 Conn. 224, 225–26, 405 A.2d 655 (1978).

[7] It is of course well established that, in civil proceedings, an order striking a case from the jury docket is not a final judgment. *Franchi* v. *Farmholme, Inc.,* 191 Conn. 201, 209, 464 A.2d 35 (1983); *Beach* v. *Beach Hotel Corporation,* 115 Conn. 708, 163 A. 416 (1932). The validity of such an order can be tested upon appeal from a subsequent adverse judgment. *Leary* v. *Stylarama of New Haven, Inc.,* 174 Conn. 217, 384 A.2d 377 (1978).

[8] At the oral argument in this court, the defendant abandoned his early argument that, despite the principles of double jeopardy, the state could

appellate review of the trial court's error." *Sanabria* v. *United States,* 437 U.S. 54, 69, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978) (erroneous exclusion of evidence). See also *United States* v. *Martin Linen Supply Co.,* 430 U.S. 564, 572, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977) (claimed error in rendering judgment of acquittal based on insufficiency of evidence); *Fong Foo* v. *United States,* 369 U.S. 141, 143, 82 S. Ct. 671, 7 L. Ed. 2d 629 (1962) (erroneous order directing verdict of acquittal based on finding of prosecutorial misconduct and lack of witness credibility). It is furthermore well established that the principles of the double jeopardy clause "appl[y] equally to trials by court and trials by jury." *State* v. *Flower,* 176 Conn. 224, 226, 405 A.2d 655 (1978) (state may not appeal judgment of acquittal by reason of insanity rendered by three judge panel). Accordingly, if a court trial in this case were to result in an acquittal, such an acquittal would preclude any further prosecution of this defendant on these charges, whether or not the court's decision to proceed without a jury had been in error.

Although the circumstances of this appeal appear, therefore, to fit literally within the language of the second prong of the *Curcio* test, as the state contends, we need not decide that issue because to permit this appeal now would be inconsistent with the fundamental requirements of the constitutional prohibition against double jeopardy. The intent of that constitutional prohibition is to shield criminal defendants from repeated prosecution; for that reason, the prohibition cannot in and of itself be utilized by the state as a sword to obtain

appeal from an acquittal after a court trial. The defendant now concedes, and we agree, that even if the state were correct that it has a statutory right to a jury trial over the defendant's objection, such a right would not deprive the trial court of subject matter jurisdiction to adjudicate the case. An arguably incorrect resolution of the state's claim would therefore not inhibit the operation of the double jeopardy clause.

review of interlocutory orders that would be unavailable to the defendant. The state has been unable to articulate any significant distinction between the error claimed on this appeal and any of the myriad evidentiary and procedural rulings which might possibly disadvantage the state during the course of a criminal proceeding, such as orders excluding evidence, requiring disclosure of information·or granting changes of venue. Our decision in *State* v. *Ross,* 189 Conn. 42, 49–51, 454 A.2d 266 (1983), on which the state so heavily relies, is not to the contrary.

In *State* v. *Ross,* supra, the state's appeal was predicated upon a judgment of dismissal with prejudice, entered on the state's own motion. Because the state's appeal from an allegedly erroneous suppression of crucial evidence was thus conditioned on its willingness to stake the outcome of the prosecution on reversing the trial court's suppression of evidence; *State* v. *Ross,* supra, 50; we held that "[a] decision by the state to obtain dismissal of a prosecution with prejudice is a sufficiently serious precondition to the right of appeal to provide adequate assurance that this procedure will not be resorted to lightly." Id., 50–51.

In this case, however, the state has not satisfied the precondition set down by *Ross.* There is therefore no precedent for the state's position that the denial of its claim for a jury trial may be reviewed by a pretrial appeal without putting into jeopardy the possibility of securing a conviction at a court trial. Although we recognize the seriousness of the state's interest in resolution of the jury trial issue, the final judgment rule has never turned upon the gravity of the claims that are denied interlocutory review.[9]

---

[9] In *S.A.S.* v. *District Court,* 623 P.2d 58 (Colo. 1981), cited by the state in support of its substantive claim, a juvenile defendant instituted an original proceeding in the Supreme Court of Colorado seeking review of a trial court

Our decision that the statutory question is not properly before us today does not forever foreclose our consideration of the construction of General Statutes §§ 54-82 (a) and 54-82b. If a different trial court were to resolve the issue in favor of the state, a defendant could appeal his conviction by a jury over his election to be tried by the court. Alternatively, it is possible that the state may be able to raise the issue on cross appeal from a conviction after a court trial, where, as in this case, the state's demand for a jury trial was denied.

The appeal is dismissed.

In this opinion the other judges concurred.

order granting the state's demand for a jury trial over the defendant's objection. The original proceeding was within the constitutional jurisdiction of the Colorado court; Colo. Const., art. VI § 3 (original jurisdiction of Supreme Court); and within the contemplation of Colo. App. Rule 21, which provided for relief by writ of prohibition "where the district court is proceeding without or in excess of its jurisdiction." See generally *People* v. *District Court of 2nd Judicial District,* 664 P.2d 247, 250-51 (Colo. 1983) (original proceeding in prohibition utilized to review pretrial ruling excluding evidence). *State* v. *First Judicial District Court,* 52 N.M. 28, 191 P.2d 334 (1948), involved a similar original proceeding in the Supreme Court of New Mexico brought by the state to restrain the trial court from trying the defendant without a jury over the state's objection. This court, however, unlike the Supreme Courts of Colorado and New Mexico, has no such original jurisdiction. The state has cited no other authority from any jurisdiction providing immediate appellate review of a denial of the state's demand for a jury trial.

Our own investigation has likewise revealed no authority for immediate review. Other jurisdictions have limited appellate review of the state's claimed right to a jury trial to appeals from final judgments of conviction. See, e.g., *Singer* v. *United States,* 380 U.S. 24, 25, 85 S. Ct. 783, 13 L. Ed. 2d 630 (1965); *Hooper* v. *State,* 257 Ark. 103, 105, 514 S.W.2d 394 (1974); *Longoria* v. *State,* 53 Del. 311, 316, 168 A.2d 695 (1961); *People* v. *Spegal,* 5 Ill. 2d 211, 215, 125 N.E.2d 468 (1955); *People* v. *Duchin,* 12 N.Y.2d 351, 353, 190 N.E.2d 17, 239 N.Y.S.2d 670 (1963); see also *People* v. *Upshaw,* 13 Cal. 3d 29, 34, 528 P.2d 756, 117 Cal. Rptr. 668 (1974) (on state's appeal from dismissal of prosecution after mistrial, California constitution construed to prohibit waiver of jury trial without defense counsel's consent; double jeopardy bars new trial).