# IN RE JUVENILE APPEAL (84–2)*
## (2054)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued November 30, 1983—decision released March 13, 1984

*Cathleen M. Edwards,* court advocate, for the appellant (state).

*Kenneth Rosenthal,* assistant public defender, with whom were *Raymond Kosinski,* assistant public defender, and, on the brief, *Joette Katz,* public defender, for the appellee (defendant).

HULL, J. This case raises the question whether a judgment denying a motion to transfer a juvenile to the regular criminal docket of the Superior Court under General Statutes § 46b-126[1] is a final judgment from which the state can appeal.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

[1] General Statutes § 46b-126 provides in pertinent part as follows: "(a) The court shall hold a transfer hearing to determine whether it is appropriate to transfer and may transfer from the docket for juvenile matters to the regular criminal docket of the superior court any child referred for the com-

The state moved to transfer the juvenile on the ground that prior to his sixteenth birthday he committed the crime of sexual assault in the first degree in violation of General Statutes § 53a-70, which is a serious juvenile offense as defined in General Statutes § 46b-120. The motion further alleged that the respondent was previously adjudicated a delinquent for the serious juvenile offense of larceny in the second degree in violation of General Statutes § 53a-123 (3).

At the transfer hearing, the court advocate merely submitted an affidavit to the court in order to establish probable cause under the statute. The respondent objected to this procedure to establish probable cause, claiming he was entitled to an evidentiary hearing under the statute. The court, *Ottaviano, J.*, ruled that the statute mandated an evidentiary hearing on all three grounds set forth in § 46b-126. When the court commenced the hearing, the state declined to produce any evidence on the issue of probable cause other than

mission of . . . any serious juvenile offense if such child has previously been adjudicated a delinquent for a serious juvenile offense . . . . If the child is or has been under the custody of the commissioner of children and youth services, the commissioner shall provide any relevant information concerning the amenability of the child to treatment for use at the transfer hearing. No such transfer shall be valid unless, prior thereto, the court has caused an investigation to be made as provided in section 46b-134 and has made written findings after a hearing, that there is probable cause to believe that (1) the child has committed the act for which he is charged; (2) the child is not amenable to treatment in any institution or state agency or other available facility designed for the care and treatment of children to which said court may effect placement of such child which is suitable for his care or treatment and (3) the sophistication, maturity and previous adjudications of the juvenile are such that the facilities used for regular criminal sessions of the superior court provide a more effective setting for the disposition of the case and the institutions to which said court may sentence a defendant sixteen years of age or over are more suitable for the care and treatment of such child. Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if he were sixteen years of age. If the action is dismissed or nolled or if such child is found innocent of the charge for which he was transferred, the child shall resume his status as a juvenile until he attains the age of sixteen."

the affidavit. The court ruled that without such evidence it could not make a written finding of probable cause and denied the motion to transfer. The state then obtained permission to appeal pursuant to General Statutes § 54-96[2] and filed this appeal.[3] The prosecution is in abeyance pending the outcome of this appeal.

The state claims that it has a similar right to appeal an order of the court under General Statutes § 46b-142 (b).[4] The state claims that if it is not allowed to appeal the motion to transfer, it is forever barred from presenting the defendant as an adult offender on the same charges by virtue of the principles of double jeopardy and fundamental fairness. The defendant agrees that if the juvenile court acquits him by ultimately ruling that he is not delinquent, double jeopardy principles would bar an appeal by the state.[5]

The recent case of *State* v. *Southard,* 191 Conn. 506, 467 A.2d 920 (1983), is dispositive of this case. *Southard* involved the appealability of a pretrial order denying the state's request for a jury trial in a case in which the defendant had elected to be tried to the court. The court held that the order denying the state's demand for a jury trial was not a final judgment and dismissed the appeal. "This court's jurisdiction is limited by stat-

---

[2] General Statutes § 54-96 states: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate session of the superior court, in the same manner and to the same effect as if made by the accused."

[3] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[4] General Statutes § 46b-142 (b) provides in part: "Any party at interest aggrieved by any final judgment or order of the court may appeal to the supreme court in accordance with the provisions of chapter 902."

[5] Since neither party briefed or argued the question as to whether or not the state, after denial of a transfer based only on an affidavit, could seek a transfer at an evidentiary transfer hearing, we do not decide this question. See *Sturman* v. *Socha,* 191 Conn. 1, 4 n.3, 463 A.2d 527 (1983).

ute to appeals from final judgments; General Statutes §§ 51-197a, 52-263; and accordingly we have no discretion to enlarge our jurisdiction in abrogation of the final judgment rule. Our recent decisions have repeatedly emphasized that the statutory final judgment rule serves the important public policy of discouraging the delays and inefficiencies attending piecemeal appeals. See *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983); *State* v. *Seravalli,* 189 Conn. 201, 204, 455 A.2d 852 (1983); *State* v. *Spendolini,* 189 Conn. 92, 94, 454 A.2d 720 (1983); *State* v. *Powell,* 186 Conn. 547, 550-51, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982). That policy applies with particular force in criminal cases because, as both this court and the Supreme Court of the United States have recognized, 'undue litigiousness and leaden-footed administration of justice [are] particularly damaging to the conduct of criminal cases.' *DiBella* v. *United States,* 369 U.S. 121, 124, 82 S. Ct. 654, 7 L. Ed. 2d 614 (1962); *State* v. *Curcio,* supra; *State* v. *Spendolini,* supra; *State* v. *Kemp,* 124 Conn. 639, 646-47, 1 A.2d 761 (1938)."*State* v. *Southard,* supra, 508-509.

The state itself pointed out in its supplementary brief that "expeditious handling of juvenile cases is policy-wise probably even more important than in regular criminal matters not only because of constitutional safeguards but because the juvenile programs, placements, and treatment are all geared to youths under the age of 16."

In *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983), the court stated the rule as follows: " 'The appealable final judgment in a criminal case is ordinarily the imposition of sentence.' *State* v. *Seravalli,* supra, 205; *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). In both criminal and civil cases, however, we have determined certain interlocutory orders and

rulings of the Superior Court to be final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574 (1979)." In *State* v. *Southard,* supra, the state claimed that the circumstances of the appeal fit literally within the second prong of the *Curcio* test. Concerning this claim the court stated: "we need not decide that issue because to permit this appeal now would be inconsistent with the fundamental requirements of the constitutional prohibition against double jeopardy. The intent of that constitutional prohibition is to shield criminal defendants from repeated prosecution; for that reason, the prohibition cannot in and of itself be utilized by the state as a sword to obtain review of interlocutory orders that would be unavailable to the defendant. The state has been unable to articulate any significant distinction between the error claimed on this appeal and any of the myriad evidentiary and procedural rulings which might possibly disadvantage the state during the course of a criminal proceeding, such as orders excluding evidence, requiring disclosure of information or granting changes of venue." *State* v. *Southard,* supra, 511–12.

Under *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979), the denial of an application for youthful offender eligibility was deemed a final judgment from which an appeal would lie. By analogy, the parties in this case agreed that such an interlocutory appeal would have been available to the defendant had the transfer been granted. We conclude, however, that the *Southard* rationale would apply whether or not an appeal would be available to the defendant.

Any doubt in this regard was resolved by the very recent case of *State* v. *Longo,* 192 Conn. 85, 469 A.2d 1220 (1984), in which the Supreme Court of Connecticut expressly overruled *State* v. *Bell,* supra, to the extent that *Bell* held that the denial of an application for youthful offender eligibility was a final appealable judgment. Chief Justice Speziale, speaking for the *Longo* court, confirmed that the defendant's privacy is irreparably harmed by delaying the appeal and going forward with the trial. *State* v. *Longo,* supra, 90. The court, however, stated "[o]ur decision that the trial court's order is not immediately appealable is founded on a different consideration. In order to satisfy the second prong of the *Curcio* test the defendant must do more than show that the trial court's decision threatens him with irreparable harm. The defendant must show that that decision threatens to abrogate a right that he or she *then* holds." (Emphasis in original.) Id., 91. The court then concluded that no defendant has a right to be accorded youthful offender status and, therefore, that the second prong of the *Curcio* test was not satisfied. Id. The decision on the granting of youthful offender status is within the trial court's discretion.

Likewise, no defendant has a right not to be transferred from the juvenile docket to the regular criminal docket of the Superior Court. Such a transfer depends upon the court's discretion under General Statutes § 46b-126 as to whether the transfer is appropriate and upon the court's necessary findings of probable cause. The holding in *State* v. *Longo,* supra, would appear to eliminate any interlocutory appeal by a juvenile defendant who has been transferred to the regular criminal docket.

In this case, the state's attempt to appeal a merely procedural order flouts the well recognized policy against piecemeal litigation, particularly in criminal cases. After all, the order in question was a mere

evidential one with which the state could have complied readily by offering evidence substantially in accord with the affidavit at an evidentiary hearing.

The order denying a transfer under General Statutes § 46b-126 is not a final judgment or an order from which the state can appeal.

The appeal is dismissed.

In this opinion the other judges concurred.