## STATE OF CONNECTICUT *v.* JOSEPH PAOLELLA (13210)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued November 1, 1988—decision released February 14, 1989

---

*Judith Rossi,* deputy assistant state's attorney, with whom were *Steven M. Sellers,* assistant state's attorney, and, on the brief, *John J. Kelly,* chief state's attorney, and *James G. Clark,* assistant state's attorney, for the appellant (state).

*Temmy Ann Pieszak,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellee (defendant).

GLASS, J. In a substitute information filed on May 6, 1987, the defendant, Joseph Paolella, was charged with six criminal offenses. Counts one and two charged the defendant with kidnapping in the first degree with a firearm, in violation of General Statutes § 53a-92a (a), and kidnapping in the first degree, in violation of General Statutes § 53a-92 (a) (2) (A).[1] Counts three and four

---

[1] General Statutes § 53a-92a (a) provides: "A person is guilty of kidnapping in the first degree with a firearm when he commits kidnapping in the

charged him with sexual assault in the first degree with a deadly weapon, in violation of General Statutes § 53a-70a (a), and sexual assault in the first degree, in violation of General Statutes § 53a-70 (a).[2] Counts five and six charged him with assault in the third degree, in violation of General Statutes § 53a-61 (a) (1),[3] and carrying a dangerous weapon, in violation of General Statutes § 53-206.[4]

first degree as provided in section 53a-92, and in the commission of said crime he uses or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, machine gun, shotgun, rifle or other firearm. No person shall be convicted of kidnapping in the first degree and kidnapping in the first degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

General Statutes § 53a-92 (a) (2) (A) provides: "A person is guilty of kidnapping in the first degree when he abducts another person and when . . . (2) he restrains the person abducted with intent to (A) inflict physical injury upon him or violate or abuse him sexually."

[2] "[General Statutes] Sec. 53a-70a. SEXUAL ASSAULT IN THE FIRST DEGREE WITH A DEADLY WEAPON: CLASS B FELONY; FIVE YEARS NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the first degree with a deadly weapon when such person commits sexual assault in the first degree as provided in section 53a-70, and in the commission of such offense he uses or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a deadly weapon. No person shall be convicted of sexual assault in the first degree and sexual assault in the first degree with a deadly weapon upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

"[General Statutes] Sec. 53a-70. SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

[3] General Statutes § 53a-61 (a) (1) provides: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person."

[4] General Statutes (Rev. to 1985) § 53-206 provides in relevant part: "Any person who carries upon his person any slung shot, air rifle, BB. gun, black-jack, sand bag, metal or brass knuckles, or any dirk knife, or a switch knife, or any knife having an automatic spring release device by which a blade

The defendant waived a jury trial and was tried to the court. At the close of the state's case, the defendant made an oral motion for judgment of acquittal on all six counts. Over the state's objection, the trial court granted the defendant's motion with respect to the two counts charging him with first degree sexual assault and the count charging him with carrying a dangerous weapon. The state excepted to the trial court's granting of the defendant's motion. At the close of all the evidence, the trial court, pursuant to the state's request, dismissed with prejudice the two first degree sexual assault counts and the count of carrying a dangerous weapon, and granted the state's request for permission to appeal. The state subsequently filed this appeal in the Appellate Court, claiming error in the trial court's granting of the defendant's motion for judgment of acquittal on the first degree sexual assault counts.[5] The appeal was transferred to this court pursuant to Practice Book § 4023. We dismiss the appeal on the ground that double jeopardy bars review of the trial court's acquittal of the defendant.

I

A

BACKGROUND FACTS

Our disposition of this case requires only a brief recapitulation of the background facts. Evidence pre-

is released from the handle, having a blade of over one and one-half inches in length, or stiletto, or any knife the edged portion of the blade of which is four inches or over in length, or any other dangerous or deadly weapon or instrument, unless such person has been granted a written permit issued and signed by the first selectman of a town, the mayor or chief of police of a city or the warden of a borough, authorizing such person to carry such weapon or instrument within such town, city or borough, shall be fined not more than five hundred dollars or imprisoned not more than three years or both."

[5] The state has not appealed from the judgment rendered on the trial court's action granting the defendant's motion for judgment of acquittal on count six, charging the defendant with carrying a dangerous weapon.

sented during the state's case revealed that the defendant and the complainant were married in May, 1978. Three children were born to them during their marriage. In April, 1986, the couple agreed to be divorced as a result of marital difficulties. On two occasions during April and May, 1986, the complainant took the children and left the marital home in North Haven to stay elsewhere because of her deteriorating relationship with the defendant. After leaving their North Haven home the second time, the complainant returned when the defendant moved out to stay with relatives. During this period, the defendant filed a divorce action, notice of which was served on the complainant. When he later intimated that he wished to withdraw the divorce action, the complainant filed a cross complaint for divorce. In addition, in May, 1986, the complainant obtained restraining orders ordering the defendant to refrain from harassing or assaulting her.

The several charges against the defendant arose from incidents alleged to have taken place on May 25 and 26, 1986. The state presented evidence that the defendant had sexually assaulted the complainant on May 25, 1986, in the North Haven marital home. Ultimately, the trial court found the defendant not guilty of count two, kidnapping in the first degree, but found him guilty of kidnapping in the second degree with a firearm, in violation of General Statutes § 53a-94a (a),[6] a lesser

[6] "[General Statutes] Sec. 53a-94a. KIDNAPPING IN THE SECOND DEGREE WITH A FIREARM: CLASS B FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of kidnapping in the second degree with a firearm when he kidnaps in the second degree, as provided in section 53a-94, and in the commission of such offense he uses or is armed with and threatens the use of or uses or displays or represents by his words or conduct that he possesses a pistol, revolver, machine gun, shotgun, rifle or other firearm. No person shall be convicted of kidnapping in the second degree and kidnapping in the second degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information."

included offense of count one, and count five, assault in the third degree.[7] The defendant's convictions on those charges are not at issue in this appeal.

## B

### FACTS PERTAINING TO THE STATE'S APPEAL

In making his oral motion for judgment of acquittal, pursuant to Practice Book § 884,[8] the defendant argued that he was exempt from prosecution for violating §§ 53a-70 (a) and 53a-70a (a) because, under General Statutes § 53a-65 (2),[9] the definition of "sexual intercourse" applicable to those offenses is expressly limited to persons who are not married to each other. The state claimed, however, that the marital exemption was inapplicable because the parties no longer maintained a "viable" marriage despite their continued legal marital status, and that the marital exemption of § 53a-65 (2) conceivably violated equal protection guarantees. In granting the defendant's motion for judgment of acquittal on the two first degree sexual assault counts, the trial court stated: "I would make it quite clear, however, on the record, that the Court['s] granting of [the defendant's] Motion for Judgment of Acquittal . . . is based on the fact that the evidence demonstrates quite clearly that these two people were married on [the] day [of the

---

[7] See footnote 3, supra.

[8] Practice Book § 884 provides: "If the motion [for judgment of acquittal] is made after the close of the prosecution's case in chief, the judicial authority shall either grant or deny the motion before calling upon the defendant to present his case in chief. If the motion is not granted, the defendant may offer evidence without having reserved the right to do so."

[9] General Statutes § 53a-65 (2) provides: "As used in this part, except section 53a-70b, the following terms have the following meanings . . . .

"(2) 'Sexual intercourse' means vaginal intercourse, anal intercourse, fellatio or cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal intercourse, anal intercourse or fellatio and does not require emission of semen. Penetration may be committed by an object manipulated by the actor into the genital or anal opening of the victim's body. Its meaning is limited to persons not married to each other."

alleged assault]. Certainly there is ample evidence at this point for the court to find that the other, the basic elements of the rape have been proven. The basis of the ruling as I indicated is the opinion of the Court that the spousal exemption is valid and the evidence indicates clearly . . . that these parties were still legally married on that day, and it is for that reason I am granting the Judgment of Acquittal as to these two counts.''

The state excepted to the court's ruling and requested permission to appeal. It argued that an appeal was not barred by double jeopardy because the question of the marital exemption's applicability was ''simply a legal question.'' The defendant, however, claimed that an appeal was improper because the trial court's ruling was based on a flaw in the state's evidence. The trial court reserved a ruling on the state's request for permission to appeal, but stated: ''I'm not sure I would call it an evidentiary failing. What I did is grant [the defendant's] Motion for Judgment of Acquittal because I believe the statutory exemption . . . is clear and . . . has been proven, the fact that they are legally married, and I did not accept [the state's] . . . legal argument that the exemption does not apply to people who are not married in fact . . . . I have no hesitation in finding [as] a fact that on the date of this offense these people were not married in fact. They were married in law but not in fact.''

When the trial concluded on May 29, 1987, the trial court granted the state's motion to dismiss with prejudice the first degree sexual assault counts, and also granted the state's request to appeal. The judgment, filed on May 29, indicated that the defendant was acquitted of the sexual assault counts. Pursuant to the state's motion, however, the judgment file subsequently was amended to indicate that the trial court, on May 29, 1987, had dismissed with prejudice the first degree sex-

ual assault counts and had granted the state permission to appeal. On June 6, 1987, the state filed its appeal, indicating that it was appealing from the judgment, rendered on May 29, 1987, acquitting the defendant of the first degree sexual assault counts.

After filing its appeal, the state filed two questions seeking the trial court's articulation pertaining to the disposition of the first degree sexual assault counts. To the first question, "[d]id the trial court evaluate the state's evidence on the elements of §§ 53a-70 and 53a-70a, and acquit the defendant on those counts, by making a determination of *factual* innocence," the trial court responded, "[y]es." (Emphasis added.) To the second question, "[d]id the trial court dismiss the sexual assault counts on the legal ground that the marital exemption barred prosecution," the trial court responded, "[n]o."

On appeal, the state reiterates the claims made at trial (1) that the marital exemption of § 53a-65 (2) does not apply to persons who are no longer married "in fact," whether or not they are still legally married, and (2) that the marital exemption violates equal protection guarantees of the federal and Connecticut constitutions by denying to female victims married to their assailants the same protections accorded female victims not married to their assailants. Further, the state asserts that its appeal is proper because the trial court's disposition of the first degree sexual assault counts turned solely on the legal question of the applicability of § 53a-65 (2). The defendant asserts two jurisdictional defects to the state's appeal, claiming (1) that the state has not appealed from a final judgment, and (2) that double jeopardy bars appellate review of the trial court's judgment of acquittal. We conclude that there was a final judgment and that the judgment was a true acquittal for double jeopardy purposes, therefore barring us from reviewing the state's claims.

## II

The defendant first claims that the state improperly appealed from a "partial judgment." He argues that the state sought to appeal from the trial court's action granting the motion for judgment of acquittal made at the close of the state's case. He further asserts that because the appeal was not taken from the imposition of a sentence, nor from an appealable interlocutory order; see *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983); the appeal was not taken from a "final judgment," and, therefore, must be dismissed. The state maintains that its appeal is from the trial court's judgment of May 29, 1987, dismissing with prejudice the first degree sexual assault counts. The state argues that the trial court had the authority to modify its prior action granting the defendant's motion for judgment of acquittal to a dismissal with prejudice; see *State* v. *Wilson,* 199 Conn. 417, 437, 513 A.2d 620 (1986); and that a dismissal with prejudice is a final judgment from which the state may take an appeal.[10]

General Statutes § 54-96[11] permits the state to appeal from rulings and decisions of the Superior Court upon questions of law arising in criminal trials. Appellate jurisdiction is limited to appeals from final judgments.

___

[10] Practice Book § 819, which was in effect at the time of the trial, provided in pertinent part: "If the dismissal is with prejudice . . . the prosecuting authority may, where he is entitled by law, appeal the dismissal . . . . " In *State* v. *Ross,* 189 Conn. 42, 49, 454 A.2d 266 (1983), we held that a dismissal with prejudice under Practice Book § 819 was "unquestionably" a final judgment from which the state could appeal. Practice Book § 819 was repealed as of October 1, 1987.

[11] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

See General Statutes § 52-263;[12] *State* v. *Southard,* 191 Conn. 506, 508, 467 A.2d 920 (1983). "The appealable final judgment in a criminal case is ordinarily the imposition of sentence. *State* v. *Curcio,* supra, 31; *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). We have recognized, however, in both criminal and civil cases, that certain otherwise interlocutory orders may be final judgments for appeal purposes. . . . 'An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' *State* v. *Curcio,* supra, 31, citing *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574 (1979)." *State* v. *Southard,* supra, 509–10. Unless the appeal is authorized under the *Curcio* criteria, absence of a final judgment is a jurisdictional defect that results in a dismissal of the appeal. *Guerin* v. *Norton,* 167 Conn. 282, 283, 355 A.2d 255 (1974).

The defendant incorrectly identifies the trial court's action granting the motion for judgment of acquittal as the order from which the state sought to appeal. The trial court did not render judgment on the granting of that motion, or grant the state permission to appeal,

---

[12] "[General Statutes] Sec. 52-263. APPEALS FROM SUPERIOR COURT. EXCEPTIONS. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8, 8-9, 8-28 and 8-30."

See also General Statutes § 51-197a (governing appeals from final judgments of Superior Court to Appellate Court).

until the conclusion of the trial on May 29, 1987. Practice Book § 884 requires the trial court to rule on a motion for judgment of acquittal made at the close of the state's case at the time it is made, but does not require the court to render judgment on a ruling granting the motion at that time. Further, the state's appeal form, which indicates that the appeal was sought from the May 29, 1987 decision "granting the defendant's motions for judgment of acquittal," clearly demonstrates that the state has appealed from the judgment rendered on the motion at the conclusion of the trial. Thus, the record establishes that the state has appealed from the May 29, 1987 judgment rendered on the trial court's mid-trial action granting the defendant's motion for judgment of acquittal.[13]

The finality of a judgment of acquittal under General Statutes § 52-263 is self-evident. See *State* v. *Avcollie,* 178 Conn. 450, 452, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980) (state appeals from judgment of acquittal rendered by trial court after setting aside jury verdict of guilty). Such a judgment concludes the rights of the parties regarding the charges of which the defendant has been acquitted. See *State* v. *Curcio,* supra. Further, a judgment of acquittal achieves the same finality as the imposition of a sentence since it terminates the prosecution of the charges to which it applies and negates the possibility of an imposition of a sentence. Because the present appeal was taken from a judgment

---

[13] As we discuss below, double jeopardy barred the trial court from "modifying" its action granting the motion for judgment of acquittal to a "dismissal with prejudice." Consequently, we read the judgment file as it existed prior to the amendment indicating that the first degree sexual assault counts were dismissed with prejudice. In its original state, the judgment file indicated that the trial court, at the close of the case, rendered judgment on its action granting the defendant's motion for judgment of acquittal.

rendered at the conclusion of the trial, the state's appeal does not implicate the problems of " 'delays and disruptions attendant upon intermediate appeal[s],' which the [final judgment] rule is designed to avoid . . . ." *State* v. *Powell*, 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982); see also *Burger & Burger, Inc.* v. *Murren*, 202 Conn. 660, 663, 522 A.2d 812 (1987). We conclude that the judgment rendered on the trial court's action granting the defendant's motion for judgment of acquittal was an appealable "final judgment."[14]

### III

The defendant next claims that double jeopardy bars the state's appeal. The double jeopardy clause of the

---

[14] Although we reach a result on this issue favorable to the state, we do not agree with the state's position that the final judgment in this case was the trial court's dismissal with prejudice of the sexual assault charges. In *State* v. *Wilson*, 199 Conn. 417, 432–33, 513 A.2d 620 (1986), we addressed the question whether the trial court had jurisdiction to amend a finding in its original written memorandum of decision some three years after that memorandum had been filed. We stated that " '[d]uring the continuance of a term of court the judge holding it has, in a sense, absolute control over judgments rendered; that is, he can declare and subsequently modify or annul them.' " Id., 436. "Neither our General Statutes nor our Practice Book rules define the period during which a trial court may modify or correct its judgment in a *criminal* case. On the *civil* side, however, Practice Book § 326 provides that any civil judgment . . . may be opened or set aside 'within four months succeeding the date on which it was rendered or passed.' We see no reason to distinguish between civil and criminal judgments in this respect, and we therefore hold that . . . a criminal judgment may not be modified in matters of substance beyond a period of four months after the judgment has become final." (Emphasis in original.) Id., 437. The state argues that, because the trial court "modified" its original action granting the defendant's motion for judgment of acquittal to a dismissal with prejudice within the four month period prescribed by *Wilson,* the controlling order for purposes of appeal was the trial court's dismissal with prejudice. Because we conclude below, however, that the trial court's disposition of the first degree sexual assault counts was a "true" acquittal for double jeopardy purposes, it necessarily follows that, once the court had granted the defendant's motion for judgment of acquittal, it could not thereafter "modify" that order by "dismissing" the counts. As a consequence, *Wilson* is inapplicable to the present case.

fifth amendment to the federal constitution prohibits the prosecution of appeals from judgments of acquittal. *United States* v. *Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977); see also *State* v. *Evans,* 205 Conn. 528, 537, 534 A.2d 1159 (1987), cert. denied, 485 U.S. 988, 108 S. Ct. 1292, 99 L. Ed. 2d 502 (1988) (double jeopardy protections incorporated into due process clause of article first, § 8, of Connecticut constitution). Although the trial court characterized its disposition of the first degree sexual assault counts during the trial as an "acquittal" and in the amended judgment file as a "dismissal with prejudice," neither characterization is dispositive. This court must make its own inquiry into the trial court's disposition to determine, for double jeopardy purposes, whether the court "acquitted" the defendant of the two first degree sexual assault counts. See *United States* v. *Scott,* 437 U.S. 82, 96, 98 S. Ct. 2187, 57 L. Ed. 2d 65, reh. denied, 439 U.S. 883, 99 S. Ct. 226, 58 L. Ed. 2d 197 (1978) (trial court's characterization of action not dispositive); *State* v. *Evans,* supra, 534 (issue is whether ruling resolved some or all of factual elements of offense charged, regardless of label).

"Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal . . . could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' *United States* v. *Ball,* 163 U.S. 662, 671 [16 S. Ct. 1192, 41 L. Ed. 300] (1896)." *United States* v. *Martin Linen Supply Co.,* supra, 571. "A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." *United States* v. *Scott,* supra, 91. An "acquittal" results from "a resolution, correct or not, of some

or all of the factual elements of the offense charged"; *United States* v. *Martin Linen Supply Co.,* supra, 571; or from the trial court's conclusion that the state has failed to present sufficient evidence to rebut a defendant's essentially factual defense. *United States* v. *Scott,* supra, 97–98; *Burks* v. *United States,* 437 U.S. 1, 4, 16, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978).

The state argues that double jeopardy does not bar its appeal because (A) the trial court's disposition of the first degree sexual assault counts was based on a legal matter unrelated to the defendant's guilt or innocence; (B) even if the marital exemption of § 53a-65 (2) requires proof of marriage, the exemption is a "nonexculpatory defense" not implicating the defendant's criminal responsibility; and (C) even if the defendant had been "acquitted," a reversal of the trial court's decision would not subject the defendant to another trial. We are not persuaded.

A

As noted above, General Statutes § 53a-65 (2), which defines the sexual intercourse prohibited under §§ 53a-70 (a) and 53a-70a (a), excludes married people. Under this statutory scheme, a defendant married to the alleged assault victim cannot be found guilty of violating those sexual assault statutes. A finding of nonculpability based on the "marital exemption" of § 53a-65 (2) necessarily depends upon proof of the fact that the victim and the defendant were legally married. See *State* v. *Scott,* 11 Conn. App. 102, 119, 525 A.2d 1364, cert. denied, 204 Conn. 811, 528 A.2d 1157 (1987) (marital exemption not available where defendant failed to produce any evidence that he and victim were married). Under §§ 53a-70 (a) and 53a-70a (a), a finding by the trier that the alleged offender and the victim were married exonerates the alleged offender, regardless of the proof of forcible sexual intercourse.

In the present case, the state's presentation of the complainant's testimony established that the defendant and the complainant were married on the day of the alleged assault. This evidence was, in essence, an admission by the state that the couple were married. As such, it constituted a "failure of evidence" pertaining to the sexual assault counts. *Burks* v. *United States,* supra. Consequently, the defendant's acquittal on the sexual assault counts turned on a factual basis related to his guilt or innocence of the offenses charged. *United States* v. *Scott,* supra.

The state's claim that the trial court's disposition of the first degree sexual assault counts was based solely on the court's *legal* conclusion that § 53a-65 (2) applied to exclude all married offenders and victims, regardless of the quality of their marital relationship, is directly controverted by the trial court's posttrial articulation. Although at trial the court indicated that it was "not sure [that its granting of the motion for judgment of acquittal was based on] an evidentiary failing" of the state's case, the court's articulation, made upon the state's motion, definitely establishes that the court had based its disposition of the first degree sexual assault counts on a *factual* determination that the parties were married. As the state conceded before the trial court in a posttrial hearing, the court's articulation that its disposition was based on a "factual" rather than "legal" ground rendered "academic" the state's motion to amend the printed record to reflect that the trial court "dismissed" the first degree sexual assault counts.

Further, we disagree with the state's related argument that double jeopardy does not bar its appeal because the defendant deliberately chose to forego a pretrial hearing on his marital exemption claim. We first note that the record discloses that the defendant did seek to dismiss the sexual assault counts prior to

trial, but that the trial court never ruled on his motion. Moreover, the tacit premise of the state's argument appears to be that it was the defendant's obligation to ensure that the state charged him with a crime corresponding to the facts likely to be adduced at trial.[15] We are not persuaded that a criminal defendant must oblige the state in this manner in order to invoke the protections of the double jeopardy clause.

The state also claims that, under *United States* v. *Scott,* supra, a defendant may not insulate a legal issue from appellate review by securing on his own initiative a mid-trial termination of the proceedings on a basis unrelated to his factual guilt or innocence. It also points to the language in *United States* v. *Scott,* supra, 96–97, that "an appeal is not barred simply because a ruling in favor of the defendant 'is based upon facts outside the face of the indictment' . . . or because it 'is granted on the ground . . . that the defendant simply cannot be convicted of the offense charged . . . .' " See also *State* v. *Evans,* supra.

Our discussion above makes it clear that the trial court's action granting the defendant's motion for judgment of acquittal at mid-trial terminated the prosecution of the sexual assault counts on a basis directly related to his guilt or innocence. Moreover, the language of *United States* v. *Scott* suggesting that an appeal is not barred simply because the trial court relies on facts outside the indictment in disposing of the charges cannot be fully comprehended without examin-

---

[15] We note that General Statutes § 53a-70b, enacted in 1981; see Public Acts 1981, No. 81-27; provides in pertinent part: "(b) No spouse or cohabitor shall compel the other spouse or cohabitor to engage in sexual intercourse by the use of force . . . ." The limitation of General Statutes § 53a-65 (2), excluding married persons from the definition of sexual intercourse, does not apply to prosecutions under § 53a-70b. See *State* v. *Suggs,* 209 Conn. 733, 553 A.2d 1110 (1989); *State* v. *Preyer,* 198 Conn. 190, 502 A.2d 858 (1985).

ing the facts of that case. In *United States* v. *Scott,* supra, 84, the defendant moved to dismiss the first count of an indictment on the ground of pre-indictment delay. The District Court granted the motion to dismiss at the close of all the evidence. Upon the government's appeal, the defendant claimed that double jeopardy barred the appeal. The United States Supreme Court rejected this claim, concluding that the motion to dismiss based on pre-indictment delay was not related to the defendant's factual guilt or innocence of the crime charged. Id., 98–99. Similarly, in *State* v. *Evans,* supra, 533, the trial court granted the defendant's motion to dismiss on the basis that the state had failed to apprise the defendant of the exact date of the alleged sexual offense, thereby compromising the defendant's ability to present an effective alibi defense. In granting the motion to dismiss, the trial court stated that " '[this decision] is in no way related to my opinion as to whether or not the defendant is guilty or not guilty of these charges. . . .' " Id. We concluded that "[b]ecause the motion to dismiss was granted at the request of the defendant, and because no evidence has been presented to enable the trier to make any factual determination in this case . . . the dismissal [does not bar] . . . the state's appeal . . . . " Id., 539.

In the present case, the "fact outside the indictment" resulting in the defendant's acquittal was an evidentiary fact intrinsically related to the defendant's guilt or innocence of the offense charged. In *United States* v. *Scott,* supra, and *State* v. *Evans,* supra, however, the dismissals were based on procedural matters unrelated to the defendant's guilt or innocence. Thus, the principle that double jeopardy may not apply in certain circumstances even where the trial court refers to matters outside the information in disposing of the counts in the defendant's favor has no application to the present case.

## B

The state also argues that an "acquittal" based on the marital exemption of § 53a-65 (2) is not an "acquittal" for double jeopardy purposes. Relying on *United States* v. *Moore,* 613 F.2d 1029 (D.C. Cir. 1979), cert. denied, 446 U.S. 954, 100 S. Ct. 2922, 64 L. Ed. 2d 811 (1980), the state asserts that the marital exemption is a "non-exculpatory" defense that has no bearing on the accused's factual guilt or innocence. The state's position, however, is flatly contradicted by judicial interpretation of § 53a-65 (2).

In *State* v. *Scott,* supra, 112, our Appellate Court held that "[o]n the basis of the common law and statutory history from which General Statutes §§ 53a-65 and 53a-70 (a) evolved, the logic of the various provisions of the sexual assault statutes, and case law in other jurisdictions, we conclude that the absence of a marital relationship between the defendant and the victim of a sexual assault is not an essential element of the crime. Rather, the existence of a marital relationship can be raised as an exemption or defense to prosecution for sexual assault in the first degree under § 53a-70 (a)." The Appellate Court noted that "[t]he general rule at common law was that . . . marriage [of the defendant and the victim] was a matter of defense"; id., 113; and concluded that it was clear that § 53a-65 (2) incorporated the common law marital exemption as a defense to prosecution under §§ 53a-70 and 53a-70a. Id., 118.[16]

---

[16] Our disposition of this case does not require us to determine whether General Statutes § 53a-65 (2) sets up an affirmative or nonaffirmative defense to prosecutions under General Statutes §§ 53a-70 or 53a-70a. The Appellate Court, in *State* v. *Scott,* 11 Conn. App. 102, 525 A.2d 1364, cert. denied, 204 Conn. 811, 528 A.2d 1157 (1987), found that the defendant, claiming the exemption on appeal, had not presented any evidence of being married to the victim. Consequently, the Appellate Court was not required to determine whether § 53a-65 (2) was an affirmative or nonaffirmative

As the court in *United States* v. *Moore,* supra, noted, "essentially factual" defenses relating to the ultimate question of guilt or innocence include those which " 'necessarily [establish] the criminal defendant's lack of criminal culpability.' " Id., 1036, quoting *United States* v. *Scott,* supra, 98. Under the Appellate Court's interpretation in *State* v. *Scott,* supra, § 53a-65 (2) does not merely operate as a procedural bar to prosecution under §§ 53a-70 and 53a-70a (a). The accused's marital relationship with the victim necessarily establishes his lack of criminal culpability under §§ 53a-70 (a) and 53a-70a (a). *United States* v. *Scott,* supra; *United States* v. *Moore,* supra.

## C

The state finally asserts that even if the trial court's action is deemed to be an acquittal, its appeal is not barred by double jeopardy because a reversal of the trial court's decision would not subject the defendant to a retrial. It argues that the trial court found as a fact that the other elements of the first degree sexual assault counts had been established. It claims that no retrial would be necessary because the trial court directed the defendant to present his evidence pertaining to the existing counts, that the defendant did so, and that in the course of doing so the defendant denied that the sexual assault had taken place. Consequently, the state maintains, if we reversed the trial court's acquittal on the legal ground that § 53a-65 (2) does not

defense. The court did state, however, that a "defendant who seeks to avail himself of the marital exemption would have to raise his marital status as a defense"; id., 116; and thereafter cited General Statutes § 53a-12 (a). Section 53a-12 (a) provides that "[w]hen a defense other than an affirmative defense, is raised at a trial, the state shall have the burden of disproving such defense beyond a reasonable doubt." We express no opinion on the Appellate Court's disposition of *Scott.* In the present case, the state in the presentation of its case included testimony from the complainant that she and the defendant were married.

exclude persons who are not married "in fact," on remand the trial court could render a judgment of guilty on the first degree sexual assault counts. *United States* v. *Martin Linen Supply Co.,* supra.

We acknowledge that "where a [state's] appeal [from an acquittal] presents no threat of successive prosecutions, the Double Jeopardy Clause is not offended . . . . " Id., 569–70. Generally, this exception to the double jeopardy bar arises where the trial court renders a judgment of acquittal after setting aside a valid jury verdict of guilty. Id., 570. "Since reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution." *United States* v. *Wilson,* 420 U.S. 332, 344–45, 95 S. Ct. 1013, 43 L. Ed. 2d 232 (1975); see also *State* v. *Avcollie,* supra, 453.

The fundamental flaw in the state's argument is that the trial court's comments, made at the close of the state's case, that "[c]ertainly there is ample evidence at this point for the Court to find that the other, the basic elements of the rape have been proven," scarcely resemble a verdict of guilty. Moreover, the trial court did not direct the defendant to defend against the first degree sexual assault counts after it had granted the motion for judgment of acquittal. If the trial court's decision were reversed, further proceedings would be necessary to protect the defendant's due process rights to notice of the charges against him and to present a defense. Cf. *State* v. *Flower,* 176 Conn. 224, 226, 405 A.2d 655 (1978) (where no record upon which determination of guilt could be made without further proceedings, double jeopardy barred appeal).

Because the trial court acquitted the defendant of the two first degree sexual assault counts, double jeopardy bars us from considering the state's claim that § 53a-65 (2) does not exclude from the definition of sex-

ual intercourse persons who, although legally married, are separated and are no longer married "in fact." Even assuming that the state's contention is correct, the trial court's acquittal of the defendant may not be reviewed on appeal "even if the legal rulings underlying the acquittal were erroneous." *Sanabria* v. *United States,* 437 U.S. 54, 64, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978). As the Court of Appeals for the Ninth Circuit aptly stated, "[i]nasmuch as we find the judgment below to be a true acquittal, the Double Jeopardy Clause bars appeal even if the [trial] court based the acquittal on an erroneous interpretation of governing legal principles or upon legal principles which are themselves overturned." *United States* v. *Schwartz,* 785 F.2d 673, 678 (9th Cir. 1986); see also *United States* v. *Scott,* supra, 98 (acquittal resulting from erroneous interpretation of law affects accuracy of determination but does not alter its essential character).

The state's appeal is dismissed.

In this opinion PETERS, C. J., HEALEY, CALLAHAN, COVELLO and HULL, Js., concurred.

SHEA, J., concurring. I agree with the conclusion of the majority that the acquittal of the defendant with respect to the two counts of first degree sexual assault in violation of General Statutes §§ 53a-70a and 53a-70 cannot be reviewed because it is a factually based determination entitled to constitutional protection against double jeopardy. It is quite clear from the transcript, however, that the finding of fact on which the trial court relied in acquitting the defendant was the existence of a marital relationship between him and the complainant. The court expressly found that "the basic elements of the rape had been proven" but that "the parties were still legally married on that day."

The majority purports not to review the state's claim that the marital exemption in General Statutes § 53a-65 (2) does not apply where the marriage has terminated "in fact," although the legal relationship continues. The majority declares, nevertheless, that "nonculpability based on the 'marital exemption' of § 53a-65 (2) depends upon proof of the fact that the victim and the defendant were legally married," a view that coincides with that expressed by the trial court in rejecting the state's claim. I, too, agree that the legislature intended the existence of the legal marital bond to preclude a prosecution for first degree sexual assault regardless of whether the marriage is viable in fact, but I disagree with the majority that the double jeopardy principle bars a review of that claim.

If the state's interpretation of the marital exemption provision were correct, the fact that the marriage between the defendant and the complainant had not terminated in law would be of no consequence. The undisputed existence of the legal bond would not, therefore, constitute an "evidentiary insufficiency" under *Burks* v. *United States,* 437 U.S. 1, 18, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), or a factual determination related to guilt or innocence under *United States* v. *Scott,* 437 U.S. 82, 92, 98 S. Ct. 2187, 57 L. Ed. 2d 65, reh. denied, 439 U.S. 883, 99 S. Ct. 226, 58 L. Ed. 2d 197 (1978). The trial court made it perfectly clear in granting the motion for acquittal that its determination rested wholly upon the undisputed fact that the marriage had not terminated legally and its legal conclusion that the marital exemption was therefore applicable. If that interpretation of the statutes were erroneous, it could not be said that the acquittal rested upon a finding of any fact pertaining to guilt or innocence, as is essential for double jeopardy to apply. Where it is clear that an acquittal is based on a ground other than the resolution in the defendant's favor of some or all of the fac-

tual elements of the offense charged, the state is not barred from seeking another trial. Id., 97; *United States* v. *Kennings,* 861 F.2d 381, 386 (3d Cir. 1988).

For similar reasons, I believe it is necessary to resolve the state's claim that a construction of the marital exemption to apply to marriages existing in law but terminated in fact violates principles of equal protection. If the claim were sound, this court would be obliged either to construe the exemption in accordance with the state's claim or to declare it ineffective as being constitutionally invalid, thus rendering immaterial the finding that the legal bond between the defendant and the complainant persisted. Having reviewed the state's constitutional claim in this respect, however, I conclude that it is absolutely meritless. It is too plain to require elaboration that the legislature had a rational basis for making the readily demonstrable existence of the legal matrimonial bond rather than the vagueness of such a standard as the viability of a marriage in fact the criterion for distinguishing the crime of sexual assault in the first degree in violation of §§ 53a-70a and 53a-70 from the related offense of sexual assault in spousal or cohabiting relationships in violation of General Statutes § 53a-70b.

Accordingly, I agree with the result reached by the majority.