STATE OF CONNECTICUT *v.* GEORGE J. DEEP

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued March 7—decision released June 24, 1980

*Anne C. Dranginis,* assistant state's attorney, with whom were *Richard L. Shiffrin,* assistant state's attorney, and, on the brief, *Dennis A. Santore,* state's attorney, for the appellant (state).

*Charles D. Gill,* public defender, for the appellee (defendant).

PER CURIAM. On November 21, 1978, the defendant, George Deep, was presented before a grand jury for Litchfield county on an indictment charging him with the murder of Sayman Mabon in violation of § 53a-54a (a) of the General Statutes. In its instructions to that grand jury, prior to the examination of witnesses, the court, *Pickett, J.,* informed the jurors that intent to cause the death of the victim was an element of the crime charged in the indictment and that "ordinarily a person is presumed to intend the results which follow his or her acts." After reviewing the evidence and interviewing seven witnesses, the grand jury, by unanimous vote, returned a true bill.

Prior to trial and one year after the true bill was returned, the defendant moved to dismiss the indictment on the ground, inter alia, that the instructions given to the grand jury on the issue of intent were constitutionally defective in light of the recent United States Supreme Court decision in *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39. The trial court, *N. O'Neill, J.,* granted the defendant's motion and dismissed the indictment from which the state appealed to this court pursuant to General Statutes § 54-96.

Although the substantive issues of the state's appeal were resolved in *State* v. *Stepney,* 181 Conn. 268, 435 A.2d 701, which we decide today, we do not

reach the merits in the present appeal. The record in this case raises a serious question that was neither considered by the trial court nor raised by the parties; namely, the propriety of a review by the court, *N. O'Neill, J.*, of the instructions to the grand jury delivered by a coordinate judge of that court. Cf. *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 426 A.2d 1324. The effect of the granting of the defendant's motion to dismiss the indictment was to afford the defendant appellate review of the actions of a coordinate judge. Such review of Superior Court actions is exclusively the province of the Supreme Court. Any review provided by Practice Book, 1978, § 815 is limited to motions addressed to the court presiding over the grand jury whose indictment is being challenged.

There is error, the order dismissing the indictment is vacated and the case is remanded to the Superior Court for further proceedings in accordance with the law.