STATE OF CONNECTICUT *v.* DEBORAH ROSS

STATE OF CONNECTICUT *v.* DANIEL ROSS

STATE OF CONNECTICUT *v.* MAUREEN CHECK
(11515)
(11516)
(11517, 11518)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued November 2, 1982—decision released January 11, 1983

*Paul E. Murray,* assistant state's attorney, for the appellant (state).

*Donald A. Mitchell,* for the appellee (defendant Deborah Ross).

*William F. Dow III,* for the appellee (defendant Daniel Ross).

*Raymond T. Connor,* for the appellee (defendant Maureen Check).

SHEA, J. In each of these cases the state, with the permission of the trial court, has appealed from a judgment dismissing the information with prejudice pursuant to the state's own motion. The defendants have filed motions in this court to dismiss the appeals upon several grounds: (1) that the request for permission to appeal was so untimely that the trial court abused its discretion in granting it; (2) that, since it was the state which requested the dismissals, it cannot appeal therefrom; (3) that the state is really attempting to appeal an interlocutory ruling of the trial court which granted the motions of the defendants to suppress certain evidence in violation of the restriction of appellate jurisdiction to appeals from final judgment; and (4) that the state should have proceeded by writ of error. The central issues raised are (1) whether there can be any appellate review of the action of the trial court in suppressing evidence under our existing statutes and rules of practice; and (2) whether the procedure followed by the state is an appropriate means for obtaining such review.

By separate informations each defendant was charged with violations of the dependency producing drug act, General Statutes §§ 19-443 through 19-504. These charges arose from evidence obtained as a result of a wiretap, authorized by three judges acting as the state wiretap panel, which was made of a telephone in a private residence in Woodbury. See General Statutes §§ 54-41a

through 54-41s. Upon motions of the defendants claiming the absence of probable cause to support the wiretap authorization, the trial court, *Meehan, J.,* ordered the suppression of all evidence which had been obtained as a result of tapping the telephone involved.

On December 23, 1981, the state represented to the trial court that because of the suppression order it had insufficient evidence to make out a prima facie case against the defendants at trial. It moved for a dismissal with prejudice in each case so that it might then apply for permission to appeal to this court for review of the order granting the motions to suppress. The defendants stated that they did not wish to avail themselves of their opportunity to seek dismissal of the informations pursuant to General Statutes § 54-56, which is applicable when "there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial." They objected to the state's motions and requested that their cases be assigned for trial. The trial court, *Stodolink, J.,* granted the motion of the state and ordered that each case be dismissed with prejudice.

At the hearing the state indicated that it intended to apply for permission to appeal from the judgments of dismissal in accordance with General Statutes § 54-96.[1] A written motion for such permission was not filed until December 28, 1981,

---

[1] "[General Statutes] Sec. 54-96. APPEALS BY THE STATE FROM SUPERIOR COURT IN CRIMINAL CASES. Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate session of the superior court in the same manner and to the same effect as if made by the accused."

five days later. The defendants objected to the
motion, and, after briefs and arguments, the court,
*Stodolink, J.,* granted the state's request in a
memorandum filed on July 1, 1982. The state
appealed on the following day.

## I

In claiming that the appeals should be dismissed
because of the five day delay of the state in filing
its written request for permission to appeal, the
defendants rely upon *State* v. *Carabetta,* 106 Conn.
114, 119, 137 A. 394 (1927), which held that a deter-
mination to request such permission must be made
at the time of judgment "so that the accused shall
not be forthwith discharged." The evil perceived
in granting a tardy request of the state to appeal
was the injustice of dragging back into court a
defendant who had reasonably assumed that his
discharge meant that he was a free man no longer
charged with a crime. *State* v. *Carabetta,* supra,
117. No such expectation could reasonably have
been entertained by these defendants, however,
because the state did express its intention to appeal
at the time of judgment and the court refused to
discharge the defendants when such a request was
made during the proceeding. "In those cases in
which the state, at the time judgment is rendered,
expresses an intention to seek an appeal the defend-
ant is not entitled to discharge until the state's
motion to appeal is finally determined." *State* v.
*Avcollie,* 174 Conn. 100, 108, 384 A.2d 315 (1977).
The defendants were fully aware that the state
intended to appeal. The state suggested applying
immediately to the presiding judge,[2] *Glass, J.,* for

---

[2] Although General Statutes § 54-96 requires the permission of the
"presiding judge" for an appeal by the state, this reference has
been construed to mean the judge who presided at the trial or
another proceeding which is the subject of the appeal. See *State*

permission to appeal but the defendants questioned the propriety of his considering the motion because of prior rulings he had made in the case. The defendants voiced no objection to presentation of the motion to a new presiding judge scheduled to start on January 4 or 5, 1982, and also requested that the motion be made in writing and printed on the docket so that it could be properly addressed. The state acted with reasonable promptness in filing the written motion because only one day, December 24, intervened between the date of judgment and the date the motion was filed when the clerk's office was required to be open. Practice Book § 405. The trial court properly found the motion not to be untimely.

## II

The fact that it was the state which requested the rendition of the judgments appealed from is the basis for the next ground of dismissal urged by the defendants. An appellant cannot ordinarily claim error in the action of the trial court which he has induced. *Bansak* v. *Pawelczyk,* 173 Conn. 520, 523, 378 A.2d 569 (1977); *State* v. *Cobbs,* 164 Conn. 402, 424, 324 A.2d 234, cert. denied, 414 U.S. 861, 94 S. Ct. 77, 38 L. Ed. 2d 112 (1973). We have recognized an exception to this principle where a party consents to the entry of a judgment against him when it is the only logical result at which the

v. *Audet,* 170 Conn. 337, 340, 365 A.2d 1082 (1976) (appeal from trial court, with permission, of order granting motion to dismiss); *State* v. *Villafane,* 164 Conn. 637, 638, 325 A.2d 251 (1973) (appeal from order granting plea in abatement and motion to quash); *State* v. *LaSelva,* 163 Conn. 229, 303 A.2d 721 (1972) (appeal from order sustaining demurrer). Counsel were apparently under the impression that the reference was to the judge presiding at the criminal session. See Practice Book §§ 951 through 956; General Statutes § 51-183e.

court could arrive given its previous rulings. *Goodrich* v. *Alfred,* 72 Conn. 257, 262, 43 A. 1041 (1899). We have not hesitated to review judgments entered because of the default of the appellant or with his consent where exceptional circumstances demanded such action in order to avoid injustice. *Reilly* v. *State,* 119 Conn. 217, 221, 175 A. 582 (1934); *Shaw* v. *Spelke,* 110 Conn. 208, 215-17, 147 A. 675 (1929). Where the adverse ruling is such as to preclude the party seeking or consenting to the dismissal from prevailing and the judgment is completely dispositive of the case, we see no reason to invoke the doctrine of appellant-induced error to bar an appeal. See annot., 23 A.L.R.2d 664, 680. In a criminal case, such as the one before us, the state has no realistic option to proceed to trial and await the inevitable outcome where vital evidence has been suppressed.[3] If because of the unavailability of the suppressed evidence a defendant has been acquitted, the principle of double jeopardy would prevent a new trial regardless of whether the exclusionary ruling was erroneous. See *Sanabria* v. *United States,* 437 U.S. 54, 64, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978); *Fong Foo* v. *United States,* 369 U.S. 141, 143, 82 S. Ct. 671, 7 L. Ed. 2d 629 (1962); *State* v. *Flower,* 176 Conn. 224, 226, 405 A.2d 655 (1978). If the judgment of dismissal with prejudice had been rendered upon a motion of the

---

[3] The defendants maintain that the state has an opportunity to secure a reversal of the decision on the motion to suppress at the trial, because the same judge or a different one is not obliged to follow the earlier ruling if he is convinced that it was erroneous. *Breen* v. *Phelps,* 186 Conn. 86, 98, 439 A.2d 1066 (1982); see *State* v. *Deep,* 181 Conn. 284, 435 A.2d 333 (1980). Such a possibility would not, of course, provide appellate review. The refusal of the trial court to modify the earlier ruling could not be the subject of an appeal because of the constitutional provision against double jeopardy.

defendant under § 54-56 rather than upon its own motion, the state unquestionably could have appealed. We do not believe that the availability of appellate review should turn wholly upon the identity of the party who has invoked judicial recognition of the moribund status of the prosecution.

## III

We are also unpersuaded by the argument of the defendants that the state is attempting to appeal an interlocutory ruling of the trial court in violation of the restriction of appellate jurisdiction to appeals from final judgments. A dismissal with prejudice is unquestionably a final judgment which the state may appeal. Practice Book § 819. In an appeal from such a judgment a party may claim error in any ruling of the trial court. Another contention is that the state will be permitted to obtain appellate review of a ruling on a motion to suppress which a defendant could not have at the same stage of the proceedings. *State* v. *Chapnick*, 30 Conn. Sup. 518, 297 A.2d 77 (1972). It is clear, however, that unless such pretrial review is allowed the state could never secure appellate scrutiny of such a ruling. A defendant, of course, may claim error in such a ruling upon his appeal from the judgment of conviction.

We are aware that appeals from decisions upon motions to suppress evidence after commencement of prosecution have generally not been allowed in the absence of a judgment of conviction. *Carroll* v. *United States,* 354 U.S. 394, 77 S. Ct. 1332, 1 L. Ed. 2d 1442 (1957); *Cogen* v. *United States,* 278 U.S. 221, 49 S. Ct. 118, 73 L. Ed. 275 (1929); see *DiBella* v. *United States,* 369 U.S. 121, 82 S. Ct. 654, 7 L. Ed. 2d 614 (1962). In none of these cases,

however, had the prosecution terminated in a judgment of dismissal with prejudice as in this instance. Many jurisdictions have adopted statutes or rules of practice authorizing appeals from orders granting motions to suppress evidence.[4] See Ariz. Rev. Stat. Ann. § 13-4032 (7) (1978); Cal. Penal Code § 1538.5 (O) (Deering 1982); Ill. Ann. Stat. C. 110A, § 604 (a) (1) (Smith-Hurd 1976); Minn. Stat. Ann. C. 49, § 29.03 (1979); N.Y. Crim. Proc. Law § 450.20 n.8 (McKinney 1971); Ohio Rev. Code Ann. Crim. R. 12 (J) (Baldwin 1982). The same result has been reached by judicial decision. *Commonwealth* v. *Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963); see *State* v. *Collins,* 24 Ohio St. 2d 107, 107–10, 265 N.E.2d 261 (1970) (court upheld as constitutional a court rule permitting the state to appeal an order granting a motion to suppress evidence). As a safeguard against abuse by the state, where such appeals are allowed, some demonstration is ordinarily required that the result of the suppression order be such as to terminate the prosecution effectively or to handicap it substantially. *State* v. *Hicks,* 301 Minn. 350, 222 N.W.2d 345 (1974); *Commonwealth* v. *Bosurgi,* supra, 63–64; *State* v. *Collins,* supra, 109–10; N.Y. Crim. Proc. Law § 450.50 (McKinney 1971); Ohio Rev. Code Ann. Crim. R. 12 (J) (Baldwin 1982). The choice we present to the state is more restrictive, namely, staking the outcome of the prosecution wholly upon a reversal of the decision upon the motion to suppress or proceeding to trial in the face of the exclusionary ruling. A decision by the state to obtain

---

[4] We note the adoption of Public Acts 1982, No. 82-17 (effective date October 2, 1982), which permits a defendant under certain circumstances to appeal the denial of his motion to suppress or motion to dismiss. This enactment has no effect upon the right of the state to appeal a ruling upon a motion to suppress.

dismissal of a prosecution with prejudice is a sufficiently serious precondition to the right of appeal to provide adequate assurance that this procedure will not be resorted to lightly.

## IV

A further claim of the defendants, that the state should be relegated to the use of a writ of error in obtaining review of the granting of a motion to suppress, is also unsound. First, the use of a writ of error would in no way overcome the objections which the defendants have raised to the appeal process based upon appellant-induced error and the absence of finality in the judgment. Second, the writ is ordinarily inappropriate for review of factual determinations, such as those usually entailed in deciding a motion to suppress. "Writs of error upon matters of law reach only those errors which appear of record." *Corbett* v. *Matz*, 72 Conn. 610, 611, 45 A. 494 (1900). Third, the availability of a writ of error does not preclude resort to " 'the more adequate and equitable process of appeal.' " *Morehouse* v. *Employers' Liability Assurance Corporation*, 119 Conn. 416, 420, 177 A. 568 (1935).

We conclude that in cases like this one, where, as a result of the suppression of evidence before trial, a judgment of dismissal with prejudice fully dispositive of the case has been rendered, the state may, with the permission of the trial court as provided in General Statutes § 54-96, obtain appellate review of that ruling.

The motions to dismiss the appeals are denied.

In this opinion the other judges concurred.