The STATE of Utah, Plaintiff and Appellant,

v.

Dorian WADDOUPS, Defendant and Respondent.

No. 20076.

Supreme Court of Utah.

Dec. 9, 1985.

David L. Wilkinson, Paul M. Warner, Robert N. Parrish, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellant.

Jack H. Molgard, Brigham City, for defendant and respondent.

DURHAM, Justice:

This is an appeal from an order of dismissal of a criminal case. The State claims error in a pretrial ruling declaring a witness incompetent to testify and suppressing the witness's out-of-court statements. No error in the dismissal itself is claimed, since it was granted at the State's request after the entry of the pretrial order. The

threshold question for our determination is whether the State may pursue an appeal of right under these circumstances.

The circumstances under which the State may appeal adverse rulings in the trial court in criminal cases have traditionally been limited by constitutional and statutory provisions. *See, e.g., State v. Kelbach,* Utah, 569 P.2d 1100 (1977) (State has no right to appeal except as expressly provided by statute). The Utah Rules of Criminal Procedure have codified that restrictive approach in U.C.A., 1953, § 77–35–26, which delineates a narrow category of cases in which the prosecution may take an appeal. An appeal from an order granting a pretrial motion to suppress is not permitted as a matter of right, but only "when, upon a petition for review, the supreme court decides that such an appeal would be in the interest of justice." U.C.A., 1953, § 77–35–26(c)(5). The State has attempted to circumvent this Court's discretion to grant or deny petitions for review pursuant to this section by requesting a dismissal and relying on paragraph (1) of Rule 26(c), which permits an appeal of right by the prosecution "[f]rom a final judgment of dismissal."

It is clear from the briefs and oral argument in this case that the State wishes to have this Court review, not the trial court's order of dismissal, but the earlier order of suppression. To allow an appeal of right in such a circumstance would give the State an appeal of right from virtually every adverse pretrial order. That result would be inconsistent with our law and would be a distortion of the language and intent of the statute. Therefore, we hold that this appeal has not been properly filed, and we order it dismissed.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.