**STATE of Utah, Plaintiff and Appellant,**

v.

**Michael CHUGG, Defendant and Respondent.**

**No. 870308–CA.**

Court of Appeals of Utah.

Feb. 11, 1988.

Jeffrey R Burbank (argued), Deputy Cache Co. Atty., Logan, for plaintiff and appellant.

C. DeMont Judd, Jr. (argued), Ogden, for defendant and respondent.

Before BENCH, DAVIDSON and GARFF, JJ.

## OPINION

BENCH, Judge:

The state appeals the trial court's dismissal of its case against defendant. We dismiss the appeal.

In the early morning hours of June 5, 1987, Cache County Deputies Yonk and Anderson, while on routine patrol in Hyrum, Utah, observed a car parked on the side of the road. They pulled up behind the vehicle, and Deputy Anderson approached the driver's side of the vehicle. He found defendant Michael Chugg in the driver's seat with the keys in the ignition. Detecting the odor of alcohol and noting defendant's slow speech, Anderson asked defendant to exit the vehicle. Anderson then asked defendant to perform three field sobriety tests, each of which defendant performed poorly. Anderson placed defendant under arrest for driving while under the influence, in violation of Utah Code Ann. § 41–6–44(1) (1987). The deputies transported defendant to the jail where an intoxilyzer test was administered.

At trial, both officers testified that based on their observations, they both determined defendant was under the influence. The prosecution did not offer the intoxilyzer test result into evidence due to lack of proper foundation.

Upon conclusion of the prosecution's case, defendant moved for a dismissal

based on the prosecution's failure to establish "actual physical control" under *State v. Bugger*, 25 Utah 2d 404, 483 P.2d 442 (1971). The trial court rejected defendant's argument based on *Lopez v. Schwendiman*, 720 P.2d 778 (Utah 1986). However, the court granted defendant's motion on the ground the prosecution had not, beyond a reasonable doubt, proved defendant was incapable of safely operating the vehicle. On appeal, the prosecution argues the court abused its discretion in granting defendant's motion to dismiss.

The Utah Supreme Court case of *State v. Musselman*, 667 P.2d 1061 (Utah 1983), is controlling in the instant case. In *Musselman*, defendant was charged with forgery and theft. At the conclusion of the prosecution's case in chief, defendant moved to dismiss both counts. The trial court granted defendant's motion on the theft count on the ground the prosecution failed to prove the requisite intent. The court denied defendant's motion on the forgery count, but subsequently granted the motion nunc pro tunc at the close of all evidence. The prosecution appealed both dismissals and requested a new trial on both counts.

Concerning the dismissal of the theft charge, the Utah Supreme Court held:

> The label attached to a ruling by a trial judge is not determinative of whether the termination of a criminal prosecution is an acquittal. A ruling that constitutes a factual resolution in favor of the defendant on one or more of the elements of the offense charged is an acquittal.
>
> In the instant case, the trial court "dismissed" the theft charges because of its determination that there was inadequate proof of the requisite intent to commit the crimes charged. Although the ruling was labeled a "dismissal" by the trial court, it was clearly based on the trial court's assessment of the evidence and is an acquittal and not a "dismissal" as that term is used in § 77–35–26(c). The State's appeal of the theft counts must, therefore, be dismissed because an acquittal is not appealable.
>
> An appellate court, on principles deeply rooted in the double jeopardy clauses of the Utah and Federal constitutions, and by the very nature of the judicial process itself, may not reassess an acquittal even though the acquittal was made under an incorrect application of the law or an improper determination of the facts. Once a criminal charge has resulted in an acquittal by the trier of fact, the prohibition against double jeopardy prevents that determination from ever again being challenged. It is of no consequence that the determination was made as a matter of law by a directed verdict of acquittal, or as a matter of fact by the trier of fact. Furthermore, for an appellate court to render an opinion on appeal from an acquittal would be to render an advisory opinion, which is beyond our power.

*Id.* at 1064–65 (citations and footnotes omitted). *See also Commonwealth v. Smalis*, 331 Pa.Super. 307, 480 A.2d 1046 (1984), and cases cited therein.

In light of *Musselman*, the state's appeal in the instant case is dismissed.

DAVIDSON and GARFF, JJ., concur.