STATE of Utah, Plaintiff and
Appellant,

v.

Martin Ray AMADOR, Defendant
and Appellee.

No. 900007–CA.

Court of Appeals of Utah.

Dec. 18, 1990.

Scott M. Burns, Iron County Atty., and Kyle Latimer, Chief Deputy Iron County Atty., Cedar City, for plaintiff and appellant.

James L. Shumate, Cedar City, for defendant and appellee.

Before BILLINGS, GARFF and ORME, JJ.

GARFF, Judge:

The State of Utah appeals the order entered by the Fifth District Court on December 18, 1989 terminating defendant's probation nunc pro tunc. This termination also served to vacate an order to show cause, erroneously issued September 5, 1989, after defendant's probation terminated September 1, 1989. We dismiss the appeal.

## FACTS

Defendant Martin Ray Amador was placed on supervised probation on March 1, 1988, for a period of eighteen months, after being convicted of the second degree felony of kidnapping and the third degree felony of aggravated assault. On August 16, 1989, an information charging defendant with contributing to the delinquency of a minor was filed in the Fifth Circuit Court. On August 21, 1989, the Utah State Department of Adult Probation and Parole prepared a violation report based on the alleged offense and filed it with the Fifth District Court. No date appears on the copy of the report filed with the court. The trial court then issued an order to show cause on September 5, 1989, after defendant's probation had terminated as a matter of law four days earlier on September 1, 1989. Defendant filed a motion to terminate probation nunc pro tunc, claiming his probation statutorily terminated prior to the issuance of the order to show cause. The State filed a memorandum in opposition to defendant's motion and a hearing was held on the issue on October 17, 1989. The court granted defendant's

motion, finding, nunc pro tunc, that probation had terminated prior to the execution of the order to show cause and that the filing of the report[1] and the issuance of the order to show cause were not proper and timely and should therefore be vacated. The State appealed the order vacating the order to show cause and terminating defendant's probation nunc pro tunc.

## STATE'S RIGHT TO APPEAL

■ The threshold issue is whether the State has a right to appeal the termination pursuant to Utah Code Ann. § 77–35–26(3)(a) (Supp.1989), the effective section as of the date of the State's notice of appeal, dated January 2, 1990.[2] Because the interpretation of a statute presents a question of law, we review for correctness. *Ward v. Richfield City*, 798 P.2d 757, 759 (Utah 1990).

Section 77–35–26(3) (Supp.1989) "delineates a narrow category of cases in which the prosecution may take an appeal." *State v. Waddoups*, 712 P.2d 223, 224 (Utah 1985). *See also Hartman v. Weggeland*, 19 Utah 2d 229, 429 P.2d 978 (1967); *State v. Kelbach*, 569 P.2d 1100, 1101 (Utah 1977); *State v. Musselman*, 667 P.2d 1061, 1064 (Utah 1983).[3] To determine whether an appeal falls within one of the statutorily enumerated grounds, we look to general rules of statutory construction.

■ Every amendment not expressly characterized as a clarification carries the rebuttable presumption that it is intended to change existing legal rights and liabilities. *Madsen v. Borthick*, 769 P.2d 245, 252 n. 11 (Utah 1988); 1A N. Singer, *Sutherland on Statutory Construction* § 22.30 (Sands 4th rev. ed. 1985.) Here, the issue is whether the statute allows a state to appeal a postjudgment, postsentence dismissal.

The 1989 statute is identical to its 1980 predecessor, except for (1) some grammatical changes; (2) language accommodating the establishment of this court in 1987; and (3) the omission of a ground that is inapplicable in this case. Before the 1980 enactment, the statute outlining the grounds for a state criminal appeal was Utah Code Ann. § 77–39–4 (1953). The pertinent language of that version is as follows:

An appeal may be taken by the state:
(1) From a judgment of dismissal in favor of the defendant upon a motion to quash the information or indictment.
(2) From an order arresting judgment.
(3) From an order made after judgment affecting the substantial rights of the state.
(4) From an order of the court directing the jury to find for the defendant.

Compare the above section, with its 1989 replacement:
(3) An appeal may be taken by the prosecution from:
(a) a final judgment of dismissal;
(b) an order arresting judgment;
(c) an order terminating the prosecution because of a finding of double jeopardy or denial of a speedy trial;
(d) a judgment of the court holding a statute or any part of it invalid;
(e) an order of the court granting a pretrial motion to suppress evidence when, upon a petition for review, the appellate court decides that the appeal would be in the interest of justice; or
(f) an order of the court granting a motion to withdraw a plea of guilty or no contest.

Utah Code Ann. § 77–35–26(3) (Supp.1989).

The omission of subsection (3) in the former statute, allowing the State to appeal from an "order made after judgment affecting the substantial rights of the state", was compensated for in part by subsection

---

1. *See Smith v. Cook*, 803 P.2d 788, (Utah 1990).

2. *See* Utah Code Ann. § 77–18a–1 (Supp.1990) for current version.

3. Prior to the 1980 enactment of Utah Code Ann. § 77–35–26(3)(a), the statute enumerating

grounds for the State to bring a criminal appeal was Utah Code Ann. § 77–39–4 (1953). *Hartman v. Weggeland*, 19 Utah 2d 229, 429 P.2d 978 (1967) and *State v. Kelbach*, 569 P.2d 1100 (1977), deal with the earlier statute.

(a) of the 1989 act, broadening those dismissals appealable by the State. Before, the State could appeal only dismissals from motions to quash informations or indictments, whereas the 1989 version allowed appeals from all final judgments of dismissal. Subsections (c), (d), (e) and (f) of the 1989 statute do not appear in the former version. These subsections further narrow the category of final dispositions appealable by the State.

■ Because the statute contains no language expressly characterizing the omission of subsection (3) of the 1953 version as a clarification, we accept the presumption that the omission was intended to change existing legal rights and responsibilities. Further, no compensating language in the 1989 version allowed for postjudgment appeals by the State. And, the language of the 1953 version, "order made after judgment", differs significantly from the 1989 version's "final judgment of dismissal." While an "order made after judgment" could include any postjudgment disposition, a "final judgment" seems to preclude just that. Accordingly, we hold that the language "[f]rom a final judgment of dismissal" of Utah Code Ann. § 77–35–26(3)(a) refers to dismissals where the court construed the applicable law before ruling on the sufficiency of the evidence to convict and before a final judgment.[4] Likewise, we hold that subsection (3) precludes appeals from postjudgment dismissals or vacations.

## CONCLUSION

Because we hold that Utah Code Ann. § 77–35–26(3) does not embue the prosecution with the right to appeal from a postjudgment dismissal, we dismiss the State's appeal.

Dismissed.

BILLINGS, J., concurs.

**4.** See *State v. Musselman,* 667 P.2d 1061, 1064 (Utah 1983) for discussion of appeals from dis-

ORME, Judge (concurring in the result):

I agree with my colleagues that the State is not entitled to appeal the trial court's order terminating defendant's probation and vacating the prior order to show cause concerning an alleged probation violation. I reach this conclusion, however, through less intricate analysis.

Section 77–35–26 "delineates a narrow category of cases in which the prosecution may take an appeal." *State v. Waddoups,* 712 P.2d 223, 224 (Utah 1985). A trial court's orders relative to the duration or terms of probation are not included within that "narrow category." If the legislature had intended that the State could appeal from such orders, it would have said so with the same precision it described the other situations coming within the "narrow category."

While such orders might have come within the scope of the prior statute as orders "made after judgment affecting the substantial rights of the state," Utah Code Ann. § 77–39–4 (1953) (quoted in *State v. Kelbach,* 569 P.2d 1100, 1101 (Utah 1977)), the version of the statute governing this case contains no provision applicable to probation dispositions. It follows that the State is not authorized to bring the instant appeal and that it should therefore be dismissed.