[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re: Defendants' Motion To Strike (File #116)
This personal injury action arises out of a motor vehicle accident on Vernon Road in Bolton on November 10, 1986. It is alleged that a vehicle operated by the named defendant collided with the rear portion of the named plaintiff's vehicle as it slowed to turn left off Vernon Road into a private driveway.
The second count of the original complaint alleged that "a substantial factor in causing the collision [and plaintiff's injuries] . . . was the conduct of the defendant, Christopher Leland, in deliberately or with reckless disregard operating his motor vehicle in violation of . . . [General Statutes Sections14-218a, 14-222, and 14-227a]". Paragraph #2 of plaintiffs' original claim for relief requested double or treble damages pursuant to Public Act No. 88-229.
Defendants moved to strike the original claim for double and treble damages, citing Bishop v. Kelly, 206 Conn. 608
(1988), and arguing that P.A. 88-229, effective October 1, 1988, was not subject to retroactive application. On May 29, 1990, the Court granted that former motion to strike (File #111).
Thereafter, plaintiffs filed an amended complaint (File #115), the second count thereof alleging that "a substantial factor in causing the collision" was defendant/operator's conduct "in deliberately or with reckless disregard operating his motor vehicle in violation of . . . General Statutes Section14-240a." The amended claim for relief again seeks, in CT Page 9170 paragraph #2 thereof, "[d]ouble or treble damages pursuant to C.G.S. Section 14-295."
The present motion to strike is directed to the claim for multiple damages in paragraph #2 of the amended claim for relief.
A motion to strike tests the legal sufficiency of the allegations of the complaint, any one or more of the counts thereof, or any prayer for relief. Prac. Bk. Section 152. In ruling on a motion to strike, the court's consideration is limited to the allegations set forth in the pleading, and those allegations must be construed in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 181, 170 (1988).
On March 22, 1988, the Connecticut Supreme Court, in Bishop v. Kelly, supra, declared the former Section 14-295
unconstitutional. Public Act 88-229 (also Section 14-295) replaced the former multiple damages statute, effective October 1, 1988. The motor vehicle accident which is the subject matter of this case occurred before the effective date of the 1988 public act (also, before the decision in Bishop v. Kelly); the action, however, was filed on November 10, 1988 (initial complaint dated 10/25/88), after the effective date of P.A. 88-229.
A statute declared unconstitutional is unenforceable. Bakelaar v. West Haven, 193 Conn. 59, 67 fn. 6 (1984). Plaintiff's cause of action, and the attendant rights of the parties, arose on November 10, 1986. The statute in effect at the time the cause of action arose was later declared unconstitutional. Thereafter, P.A. 88-229 (new Section 14-295) became effective; thus, if the public act is to pertain, it must be applied retrospectively.
It is the general rule that where a statutory amendment affects substantive, as opposed to procedural rights, the amendment is to be applied prospectively, unless the legislature has clearly expressed a contrary intention. Moore v. McNamara201 Conn. 16, 22 (1986); Jones Destruction, Inc. v. Upjohn,161 Conn. 191, 195 (1971). This court has previously followed those authorities which have viewed P.A. 88-229 (current Section14-295) as affecting and involving the substantive rights of litigants and, thus, not subject to retrospective application. See: Welles v. DeMatteo, CV 36 71 41, Judicial District Of Hartford/New Britain At Hartford, May 15, 1990; Plati v. Munoz, CV 37 02 14, Judicial District of Hartford/New Britain At Hartford, April 10, 1990. See also Frost, et al v. Hayes, 15 CLT 47 (10/16/89); Abell, Jr. et al v. Dyer, 15 CLT (1/30/89); CT Page 9171 contra: Szafranski v. Czeczotka, 15 CLT 43 (9/6/89). After careful, further consideration of the issue, this court is disinclined to alter its previous position as expressed in the Welles and Plati cases.
Additionally, plaintiffs, in repleading after the granting of the initial motion to strike (#111), have again prayed for double or treble damages, this time in reference to a violation of Section 14-240a. However, the actual basis for the claim for relief remains, as before, Section 14-295. The first motion to strike (#111) was granted and, up reviewing this entire file, it now appears that a denial of the instant motion would constitute an inappropriate modification of the prior ruling of a coordinate judge of the Superior Court. cf. State v. Deep, 181 Conn. 284, 286 (1980).
Defendants motion to strike (#116) is Granted.
Mulcahy, J.