**STATE of Utah, Plaintiff and Appellant,**

v.

**Daniel R. TROYER, Defendant and Appellee.**

No. 910320.

Supreme Court of Utah.

Oct. 19, 1993.

Rehearing Denied Jan. 25, 1994.

R. Paul Van Dam, Atty. Gen., Charlene Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

James A. Valdez, Joan C. Watt, Mark R. Moffat, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

This case is before us on rehearing of defendant's motion to dismiss the State's appeal from an order of the district court dismissing all criminal charges against defendant. The motion is based on defendant's contention that the State does not have a statutory right of appeal in this instance.

Defendant was charged with first degree murder, a capital crime. Following a preliminary hearing, he was bound over for trial in the district court. In a series of four separate suppression orders entered between January 3, 1990, and March 3, 1991, the district court suppressed (1) the testimony of defendant's sister regarding an attempt by defendant to establish an alibi; (2) evidence of DNA testing; (3) defendant's statements to Seattle, Washington, police officers; and (4) the testimony of a jailhouse informant. Following the first order, the State petitioned this court for an interlocutory appeal pursuant to section 77–18a–1(2)(e) of the Utah Code. That petition was denied. The State did not seek interlocutory review of the three subsequent suppression orders.

Finally, on April 23, 1991, at a hearing before the district court, the State's attorney represented that the State was unable to proceed with the charges against defendant due to lack of evidence. In addition to the evidence which had been suppressed, other evidence had been lost due to significant pretrial delay which the district court attributed to "both the State and the defense." The district court concluded:

The state has now come to the conclusion that it does not have sufficient unsuppressed evidence to prosecute this case. If the state's attorney says that he is not able to proceed with this case, and does not feel that he could secure a conviction on the remaining evidence, the court has no

choice but to dismiss. Based on the representation of the state's attorney that he cannot proceed, and based upon motion of the defendant's attorneys, it is hereby ordered that this matter is dismissed.

The State filed an appeal from the order of dismissal pursuant to section 77–18a–1(2)(a). Defendant thereupon filed this motion to dismiss the appeal. Initially, we denied the motion, although we agreed with defendant's position that the State was not entitled to an appeal of right from the order of dismissal. We decided to treat the State's appeal as an interlocutory appeal so as to permit review of the district court's suppression orders that led in part to the dismissal. Defendant moved for rehearing, pointing out that the State had failed to comply with any of the procedural requirements for an interlocutory appeal and arguing that we did not follow our own standards for granting such a petition. After hearing argument on the motion for rehearing, we granted the motion on September 9, 1992. The motion to dismiss the State's appeal is now again before us.

■ Section 77–18a–1(2) prescribes when the prosecution may appeal in criminal cases:

(2) An appeal may be taken by the prosecution from:

(a) a final judgment of dismissal

.  .  .  .  .

(e) an order of the court granting a pretrial motion to suppress evidence when upon a petition for review the appellate court decides that the appeal would be in the interest of justice.

The State seeks review of the four suppression orders and contends that this appeal is from a "final judgment of dismissal" pursuant to subsection (2)(a) and may therefore be pursued as an appeal of right. Defendant, on the other hand, contends that suppression orders are reviewable by this court only under subsection (2)(e) and points out that we have heretofore denied the State's petition for review of the first order and that no petition for review was sought on the three subsequent orders.

In determining this question, it is helpful to compare subsection (2) of the statute (set out above) with subsection (1), dealing with when an appeal may be taken by a defendant. That subsection provides:

(1) An appeal may be taken by the defendant from:

(a) the final judgment of conviction whether by verdict or plea;

. . .;

(c) an interlocutory order when upon petition for review the appellate court decides the appeal would be in the interest of justice[.]

Thus, the statute provides several instances when both the defendant and the prosecution may appeal as a matter of right. The statute also confers upon both the defendant and the prosecution the right to petition an appellate court to review an interlocutory order made by a trial court during the course of trial proceedings. The right conferred upon the defendant to seek an interlocutory appeal is much broader than the right conferred upon the prosecution. The defendant in subsection (1)(c) may seek an interlocutory appeal from *any* interlocutory order, whereas the prosecution may only seek an interlocutory appeal under subsection (2)(e) when the trial court has granted a pretrial motion to suppress evidence. However, there is nothing in the statute which expresses, implies, or even suggests that because an appellate court might grant an interlocutory appeal in a certain instance, the failure of either a defendant or the prosecution to seek an interlocutory appeal would in any way affect, diminish, or foreclose the defendant or the prosecution at the conclusion of the case from pursuing its appeal of right conferred by the statute.

For example, a defendant may move to suppress certain evidence. If such a motion is denied by the trial court, the defendant has the option of seeking an interlocutory appeal, which is granted only in the discretion of the appellate court, or the defendant may await the outcome of trial. If convicted, he or she may appeal and assign as error the failure of the trial court to grant his or her motion.

It is likewise with the prosecution. If the trial court grants a pretrial motion to suppress evidence, the prosecution may seek an

interlocutory appeal, which an appellate court may or may not grant in its discretion. If, as a result of such an order or orders much of the prosecution's evidence is suppressed, making it difficult or impossible for the prosecution to proceed, and the case is dismissed for lack of evidence, as happened in the instant case, the statute gives the prosecution an appeal as a matter of right from the final judgment of dismissal. On that appeal, the prosecution may have the suppression order reviewed.

The right of the prosecution to seek an interlocutory appeal from an order suppressing evidence is a narrow right conferred solely for the benefit of the prosecution when a suppression order or orders substantially impair its ability to prove its case. We should not read more into it than that. We should not go further, as does defendant, and draw the illogical conclusion that the right was also intended to benefit the defendant by limiting what the prosecution may assign as error upon an appeal of right from a final judgment of dismissal. Had it been the intent of the legislature in enacting section 77–18a–1(2)(a) to limit what errors the prosecution could assign on its appeal of right, it would have been easy for the legislature to have so provided. But it did not. Instead, it conferred an appeal of right from a final judgment of dismissal without any limitation whatever. It is wholly unwarranted to conclude that the prosecution may not raise on appeal the validity of the suppression order which led to the dismissal.

Defendant does not reason or suggest that a defendant in appealing after a conviction would in any way be foreclosed from assigning as error interlocutory orders from which he might have sought an interlocutory appeal but did not. In no other instance, in either civil or criminal appellate procedure, is the scope of appellate review from a final judgment in any way affected or limited because of the possibility that any one or more of the trial court's rulings might have formed the basis of a petition for an interlocutory appeal. In other words, the scope of a statutory appeal of right at the end of the case should not be affected or diminished by the possibility of an earlier discretionary appeal.

Petitions for interlocutory appeal are not widely filed in either civil or criminal law practice, and only a small number of those filed are granted. This is because it is usually better judicial policy to allow the case to come to a conclusion in the trial court and then permit any aggrieved party to appeal from the final judgment, assigning as error any and all rulings which he or she claims to be erroneous. This procedure permits the appellate court to review the entire trial proceedings in one appeal. There are, however, a few instances when the granting of an interlocutory appeal will save trial time and expense by having certain issues settled and decided by an appellate court during the course of the trial proceedings. In section 77–18a–1, the legislature recognized the utility of interlocutory appeals and provided for them to be considered by appellate courts in certain instances. The defendant is given the right to seek an interlocutory appeal from *any* interlocutory order. The prosecution may seek interlocutory appeal only from an order suppressing evidence. However, whether an interlocutory appeal is sought, or is sought and denied, the appeal of right given to either the defendant or the prosecution at the conclusion of the case is not affected.

It is no answer to argue that the dismissal in the instant case was proper because the court could not do otherwise when the evidence was suppressed. The same could be said about any ruling which brings about dismissal of civil or criminal cases. An appellate court must always look beyond the dismissal to the ruling or rulings which prompted it and examine those rulings for correctness.

Defendant relies on *State v. Waddoups*, 712 P.2d 223 (Utah 1985), for the proposition that the State may not obtain review of suppression orders by dismissing a case and then appealing from that dismissal. In that case, we held that allowing the State to obtain review in this manner would enable it to circumvent the requirements for interlocutory review mandated by the criminal appeals statute. We noted that "[t]o allow an appeal of right in such a circumstance would give the State an appeal of right from virtu-

ally every adverse pretrial order," *id.* at 224, for the State will almost always be able to dismiss a case, appeal from that dismissal, and then refile the charges, whatever the outcome of the appeal.

The concerns we expressed in *Waddoups* about potential manipulation of the right to appeal are still valid. However, having further considered the matter, we conclude that these concerns can be addressed in a way that does not unduly limit the State's statutory right to appeal from a final judgment of dismissal. Accordingly, we will allow the State to obtain review of suppression orders where they substantially impair the prosecution's ability to proceed with a case, but we will impose certain conditions to ensure that appeals are taken only in such circumstances.

■ First, we will review suppression orders as a matter of right only if they substantially impair the prosecution from proceeding with a case. Otherwise, the State will effectively have an appeal of right from all interlocutory suppression orders. The criminal appeals statute makes clear that the legislature intended the reviewing court to have the discretion to review interlocutory orders and that allowing the State to appeal from any suppression order would frustrate this intent. To ensure that review of suppression orders occurs only when the order substantially impairs the case, many jurisdictions require a certification to that effect. The federal government and most states require this certification to be made by the prosecutor. *See, e.g.,* 18 U.S.C. § 3731 (1982) (prosecutor must certify that evidence suppressed is "substantial proof of a fact material in the proceeding"). But at least one state requires the *trial court* to make this finding. *See* Wash.R.App.P. 2.2(b)(2) (allowing review "if the trial court expressly finds that the practical effect of the order is to terminate the case"). Another state, Connecticut, does not expressly require certifica-

tion,[1] but it forbids the state from appealing unless the trial court gives permission. Conn.Gen.Stat. § 54–96 (1993). We believe that trial court certification is more effective than relying on the prosecution because it gives the defendant a chance to object before the dismissal is entered while still permitting review by the appellate court. We will therefore review suppression orders on appeal from a dismissal only where the trial court certifies that the evidence suppressed substantially impairs the prosecution's case.

■ Second, as a further safeguard, we will require the State to request dismissal with prejudice to obtain review of suppression orders on an appeal of right from a dismissal. In other words, if the orders are affirmed on appeal, the State may not refile the charges. A number of states have adopted statutes or rules to this effect, *see, e.g.,* Cal.Penal Code § 1238(b) (West Supp. 1993); N.Y.Crim.P.Law § 450.50 (McKinney 1983), and at least one state court has adopted such a restriction, *see State v. Ross,* 189 Conn. 42, 454 A.2d 266, 270 (1983). As the Connecticut Supreme Court stated, "A decision by the state to obtain dismissal of a prosecution with prejudice is a sufficiently serious precondition to the right of appeal to provide adequate assurance that this procedure will not be resorted to lightly." *Id.* By imposing these conditions, we can preserve the State's statutory right to obtain review of suppression orders that amount to final judgments and at the same time ensure that defendants will be shielded from potential prosecutorial manipulation.[2]

Hereafter, trial court certification as explained above will be required before the State may appeal and seek review of suppression orders after dismissal. In this case, however, we see no need to remand the case to the trial court for certification. It is undisputed that the cumulative effect of the

---

**1.** Connecticut does require, however, that the prosecution move to dismiss its case *with prejudice. State v. Ross,* 189 Conn. 42, 454 A.2d 266, 270 (1983). See discussion below.

**2.** We acknowledge that there is something counterintuitive about allowing a party to appeal from its own motion to dismiss. However, once it is clear that a suppression order destroys the prose-

cution's case, to forbid the State from dismissing and appealing would be to exalt form over substance. *See, e.g., Ross,* 454 A.2d at 269 ("We do not believe that the availability of appellate review should turn wholly upon the identity of the party who has invoked judicial recognition of the moribund status of the prosecution.").

suppression orders left the prosecution unable to proceed.

Defendant's motion to dismiss the appeal is denied.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.