[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR PSYCHOLOGICAL OR PSYCHIATRIC EXAMINATION OFCHILD-COMPLAINANT
On March 9, 1994, defendant filed this motion asserting that a psychiatric or psychological examination of the young child, performed "in the defendant's behalf," was necessary in order to prepare for the evidentiary hearing on the State'sJarzbek motion.[1] On April 13, 1994, a coordinate judge of the Superior Court denied this motion stating that if circumstances changed "at trial, that would be a different situation." (Emphasis added).[2]
Defendant has cited no specific rule of practice, statute, or reported case authorizing a court ordered psychiatric or psychological examination of a child-witness in the context of a Jarzbek determination. A review by this court of relevant rules, statutes, and court precedents reveals no such specific authority; absent specific authority, this court, in the circumstances of the present pretrial
hearing is disinclined to order the requested examination.[3]
CT Page 9444
Initially, it is this court's view that since this motion was previously denied, after hearing, by a coordinate Judge of the Superior Court, it is not the appropriate role of this court, in the present circumstances, to alter that ruling. State v. Deep, 181 Conn. 284 (1980); see also: Breenv. Phelps, 186 Conn. 86, 99 (1982) ("A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge"). At the earlier hearing on this motion, the other court was informed (by the content of the motion itself) that defendant was requesting the examination of the child "to prepare effectively for the hearing" on the Jarzbek motion filed on February 17, 1994. Furthermore, the prior denial of this motion entered, as stated, after the court was fully informed of defendant's purpose in seeking the examination, and that denial referred quite specifically to a change in circumstances at trial, not developments, of a generally predictable character, which would occur at a pretrial Jarzbek
proceeding.[4]
Even if the court were to disregard the prior ruling, I could not find, in these circumstances, changed or overriding considerations necessitating an additional examination of this child. The qualifications of the treating psychologist are not questioned, and she has treated the child regularly for a period exceeding one year. Simply because the State has called the treating psychologist as its only witness on the Jarzbek
issue does not, in and of itself, mandate that the child be subjected to a further examination; in this case, as stated, the State's witness has had a long-term relationship with this young child and that circumstance, along with her testimony, clearly indicates that she "knows this child."[5] While it is understood that the issue involves defendant's basic confrontation rights, it is also recognized that, as the guardian ad liter, here has stressed, a psychiatric and/or psychological exam can be oppressive, further intimidating, and somewhat harassing. See, e.g., State v. Canady, 187 Conn. 281,291 (1982), citing United States v. Benn, 476 F.2d 1127,1131, (D.C. Cir. 1973). Although extremely important and fundamental confrontation rights are implicated, I do not readJarzbek (or the later cases) as entitling all defendants, confronted with a Jarzbek request, to a professional assessment of the child by another psychologist or psychiatrist;[6] that is, as to every Jarzbek proceeding, a CT Page 9445 defendant is not, in my view, to be automatically granted a further examination of the child for the purpose of preparing for the ensuing evidentiary hearing.[7] The sole circumstance of moment in this case (aside from the constitutional ramifications), which has been identified and emphasized by defendant, is the State's reliance on just the testimony of the child's treating psychologist; but, as indicated, that witness' professional opinion was predicated on a long-term therapeutic relationship with the child. Under such circumstances, the court does not feel that it is appropriate (or legally required) to compel the young child, at this stage of the case, to undergo any further psychological (or psychiatric) assessment(s).[8]
For the reasons stated, defendant's motion for a psychological or psychiatric examination of the child-complainant, upon resubmission, is hereby denied.
Mulcahy, J.