ROSA BROTHERS, INC. *v.* MICHAEL MANSI ET AL.
(AC 19665)

Lavery, C. J., and Spear and Hennessy, Js.

Argued September 20, 2000—officially released January 23, 2001

*Charles B. Angelo*, for the appellant (named defendant).

*William H. Cashman*, for the appellee (plaintiff).

*Opinion*

SPEAR, J. In this action for damages, the defendant Michael Mansi[1] appeals from the order of the trial court granting a motion for sanctions filed by the plaintiff, Rosa Brothers, Inc.,[2] after the defendant invoked his fifth amendment privilege against self-incrimination and refused to answer questions at his deposition. The defendant claims that the court abused its discretion by (1) granting the motion for sanctions without first requiring the plaintiff to file a motion to compel, (2) ordering excessive sanctions, (3) ordering sanctions that violate the defendant's constitutional privilege against self-incrimination and (4) ordering sanctions without first determining that the defendant's refusal to testify prejudiced the plaintiff. We dismiss the appeal for lack of subject matter jurisdiction.[3]

---

[1] The three count complaint filed by the plaintiff, Rosa Brothers, Inc., names two defendants, Mansi and Pepperidge Farm, Inc. Counts one and two allege theft against Mansi in violation of General Statutes §§ 52-564 and 52-564a, respectively. Count three alleges negligence against the other defendant in this action, Pepperidge Farm, Inc., for, inter alia, hiring and failing to supervise properly Mansi, with whom it had entered into a distributor's contract. The present appeal was brought solely by Mansi. We therefore refer in this opinion to Mansi as the defendant.

[2] Rosa Brothers, Inc., is a Connecticut corporation doing business as the Guilford Food Center.

[3] We previously denied the plaintiff's motion to dismiss the appeal for lack of a final judgment. Both parties fully briefed the jurisdictional issue for our reconsideration at oral argument.

The following facts and procedural history are relevant to this appeal. The defendant, a distributor of goods for Pepperidge Farm, Inc., made deliveries of bread to the plaintiff's store for a period of several years. At some point, the plaintiff suspected that the defendant had been (1) deliberately misstating the amount of bread he delivered, and (2) underpaying the plaintiff for its returns and credits. The defendant subsequently was arrested and charged with larceny.[4]

Thereafter, the plaintiff commenced this civil action to recover for its losses and served a notice of deposition to take testimony from the defendant. The defendant responded with a motion for a protective order, requesting that he not be required to answer questions involving the larceny charges because it would infringe on his constitutional privilege against self-incrimination. The court denied the motion, but the defendant asserted the privilege at the deposition, and refused to answer questions pertaining to the facts and circumstances giving rise to the civil action. The court granted the plaintiff's motion that sought sanctions based on the defendant's refusal to testify and ordered that the defendant be "precluded from testifying in his defense at trial concerning matters to which he has asserted his privilege against self-incrimination or submitting an affidavit concerning such matters in opposition to a motion by the plaintiff for summary judgment, except that should the plaintiff question the defendant at trial he may be cross-examined by his attorney, within the discretion of the trial court." The court denied the defendant's motion to reargue the ruling, and this appeal followed. We denied the plaintiff's motion to dismiss the appeal for lack of appellate jurisdiction, presumably without prejudice, because both parties raised the jurisdictional issue again in their briefs and at oral argument.

[4] The larceny case is pending.

The plaintiff claims that this court lacks jurisdiction to hear the appeal because an order granting discovery sanctions is not an appealable final order. We agree.

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . It is well established that the subject matter jurisdiction of the Appellate Court . . . is governed by [General Statutes] § 52-263, which provides that an aggrieved party may appeal to the court having jurisdiction from the final judgment of the court." (Citation omitted; internal quotation marks omitted.) *King* v. *Sultar*, 253 Conn. 429, 434, 754 A.2d 782 (2000).

Our Supreme Court recently considered whether an order granting sanctions constitutes an appealable final order in *Green Rock Ridge, Inc.* v. *Kobernat*, 250 Conn. 488, 736 A.2d 851 (1999). In that case, the plaintiff initially complied with monetary sanctions for refusing to answer questions at his deposition, but later brought a writ of error, claiming that the sanctions were improper. The court dismissed the writ of error, reasoning that "[g]iven the facts of this case, and our well established rules regarding reviewability of discovery orders, the sanctions order with which [the plaintiff] complied does not constitute a final judgment from which a writ of error lies. Just as an appeal, a writ of error requires a final judgment as a predicate. See Practice Book § 72-1; see also *State* v. *Ross*, 189 Conn. 42, 51, 454 A.2d 266 (1983) (the use of a writ of error would in no way overcome the objections . . . to the appeal process based upon . . . the absence of finality in the judgment).

"An order issued upon a motion for discovery is ordinarily not appealable because it does not constitute a final judgment, at least in civil actions. *Chrysler Credit Corp.* v. *Fairfield Chrysler-Plymouth, Inc.*, 180 Conn. 223, 226, 429 A.2d 478 (1980) . . . .

"Although this sanctions order was not itself a discovery order, it was an order for sanctions for failure to comply with the discovery procedure of a deposition. We can perceive no reason or policy why we should treat the sanctions order differently, for purposes of finality of judgment, from the discovery procedure of which it is a part. We, therefore, regard it as governed by the same principles of finality as discovery orders." (Citations omitted; internal quotation marks omitted.) *Green Rock Ridge, Inc.* v. *Kobernat*, supra, 250 Conn. 497–98.

Here, as in *Green Rock Ridge, Inc.*, and *Chrysler Credit Corp.*, the court ordered sanctions for a party's refusal to comply with a discovery order. Accordingly, we conclude that the sanctions order is not a final judgment for purposes of appellate review and dismiss the appeal for lack of jurisdiction.

The defendant cites *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 685 A.2d 1108 (1996), overruled in part on other grounds, *State* v. *Salmon*, 250 Conn. 147, 155, 735 A.2d 333 (1999), for the proposition that an order granting sanctions is an appealable final order. In *CFM of Connecticut, Inc.*, however, the court imposed sanctions against an attorney for bad faith pleading, not against a party for a discovery abuse. Moreover, the court in *Green Rock Ridge, Inc.*, limited the application of *CFM of Connecticut, Inc.*, stating that "to the extent that in *CFM of Connecticut, Inc.*, we suggested that *any* monetary sanctions order imposed by a trial court is a final judgment for the purposes of an appeal or a writ of error, we confine that case to its facts." (Emphasis in original.) *Green Rock Ridge, Inc.* v. *Kobernat*, supra, 250 Conn. 499 n.13.

The appeal is dismissed.

In this opinion the other judges concurred.