2003 UT App 271

**SALT LAKE CITY, Plaintiff and Appellant,**

v.

**Keith ROBERTS, Defendant and Appellee.**

No. 20030095–CA.

Court of Appeals of Utah.

July 25, 2003.

Simarjit S. Gill and Augustus Chin, Salt Lake City, for Appellant.

W. Andrew McCullough, Midvale, for Appellee.

Before Judges DAVIS, GREENWOOD, and THORNE.

### MEMORANDUM DECISION

PER CURIAM:

¶ 1 Salt Lake City appeals the district court's dismissal entered following remand from the Utah Supreme Court pursuant to its decision on certiorari from this court. *See Salt Lake City v. Roberts*, 2002 UT 30, 44 P.3d 767. Appellee Keith Roberts moves to dismiss the appeal on grounds that it is taken from an acquittal that may not be appealed by the prosecution.

¶ 2 Utah Code Ann. § 77–18a–1(2)(a) (1999) allows the prosecution to appeal from "a final judgment of dismissal," but "it does not authorize the state to appeal an acquittal since doing so would violate the rule against double jeopardy." *State v. Jackson,* 857 P.2d 267, 268–69 (Utah Ct.App.1993). "The label attached to a ruling by a trial judge is not determinative of whether the termination of a criminal prosecution is an acquittal." *State v. Musselman,* 667 P.2d 1061, 1064 (Utah 1983). "A ruling that constitutes a factual resolution in favor of the defendant on one or more of the elements of the offense is an acquittal." *Id.; see also Jackson,* 857 P.2d at 269 (holding ruling labeled a "dismissal" was an acquittal because it was based on determination evidence was insufficient to warrant conviction); *State v. Chugg,* 749 P.2d 1279, 1280 (Utah Ct.App. 1988) (holding dismissal for failure to prove an element of charge was not appealable). Similarly, in *State v. Amador,* 804 P.2d 1233 (Utah Ct.App.1990), we held that the term "final judgment of dismissal" refers to "dismissals where the court construed the applicable law before ruling on the sufficiency of the evidence to convict and before a final judgment." *Id.* at 1235.

¶ 3 Following a limited remand from the Utah Supreme Court, the district court reviewed the evidence at the bench trial to determine whether or not Roberts's expectation of privacy for the sexual conduct was reasonably justified. *See Roberts,* 2002 UT 30 at ¶ 31, 44 P.3d 767. The district court found "that Defendant's expectation of privacy for the conduct ... was reasonably justified," and dismissed the case "on the merits." The dismissal "constitutes a factual resolution in favor of the defendant" on an element of the offense and constitutes an acquittal. *Musselman,* 667 P.2d at 1064. Because the district court's "dismissal" constitutes an acquittal that is not appealable under section 77–18a–1(2)(a), the appeal must be dismissed.

¶ 4 Salt Lake City cites no persuasive authority for an exception to the statutory limitation if the prosecution seeks to challenge an acquittal following remand by claiming that the trial court failed to correctly apply the instructions of the appellate court. In sum, it appears that the city simply disagrees with the district court's application of the law to the evidence.

¶ 5 Accordingly, we dismiss the appeal because it is not allowed by Utah Code Ann. § 77–18a–1.